HELEN E. KASTE, Appellant, *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent.

First Department, February 18, 1958.

*Alfred W. Bressler* of counsel (*Horace Michelson* with him on the brief; *Moses & Singer,* attorneys), for appellant.

*Joseph L. Schilling* of counsel (*Harold Schaffaer,* attorney), for respondent.

McNALLY, J. In this action predicated on an express covenant to defend contained in a policy of liability insurance, the question presented on this appeal from an order denying plaintiff-appellant's motion for summary judgment is whether the covenant, under the circumstances of this case, includes the obligation to prosecute an appeal from a judgment adverse to the insured. The liability action was instituted against the appellant's assignor, the insured, and other defendants; it was defended in behalf of the insured jointly by the insured and the defendant-respondent herein, through their respective attorneys. During the trial of the liability action, discussions were had with a view of settlement. The insured's codefendants were prepared to contribute towards a settlement on condition that the insured did likewise; the defendant herein offered towards that end to pay the limit of its liability which was $1,000. The insured offered what is described as a "a trifling sum"; consequently, the attempt to settle foundered. However, the respondent does not charge the insured with bad faith in respect of the negotiations for settlement. After the said negotiations had failed, the respondent, jointly with the insured, continued with the defense of the liability action, which terminated in a verdict for the plaintiffs therein against the insured, and in favor of its codefendants and against the plaintiffs, and the dismissal of the insured's cross claims against its codefendants. The insured thereafter demanded that the respondent prosecute and pay the expenses of an appeal from the judgment entered in the liability action but this the respondent refused to do. The insured thereupon prosecuted the appeal which resulted in an order granting the motion to set aside the verdict against the insured, which had been denied by the trial court, setting aside the verdict in favor of the insured's codefendants, vacating the dismissal of the insured's cross claims, and directing a new trial. (*Grote v. Jonbert Realty Corp.*, 1 A D 2d 111.) This action, as alleged in the complaint, is to recover the reasonable expenses of the insured consequent on the respondent's breach of its covenant to defend resulting from its refusal to prosecute said appeal.

We have held that the covenant to defend embraces the duty to prosecute an appeal from a judgment against an insured " where there are reasonable grounds for appeal." (*Grand Union Co.* v. *General Acc., Fire & Life Assur. Corp.*, 254 App. Div. 274, 281, affd. 279 N. Y. 638.) The successful prosecution of the appeal is conceded in the respondent's answer. In the light of the result of the appeal, it would seem that the issue

relative to the presence of reasonable grounds for appeal has been determined. In *Grand Union Co.* v. *General Acc., Fire & Life Assur. Corp.* (*supra,* pp. 281–282), this court said: " Such damages include the expense of appeals as well as trials, at least where there are reasonable grounds for appeal and here there were such grounds since plaintiff's appeals resulted in the final dismissal of the *Ford* complaint." We have an analogous situation in *Weidlich* v. *Richards* (276 App. Div. 383) where we had under consideration the standard to be applied in determining the existence of reasonable grounds for bringing a separation action justifying a claim for legal services therein rendered to the wife. We there said (p. 384): " While an application may be made *pendente lite* in the marital action, and only a reasonable probability of success in the action need be shown and failure or success at the trial does not affect the allowance made, it does not follow that the same rule should apply after trial." Again, at page 386: " To hold that the attorney or any tradesman could require a retrial of the marital litigation on a lesser standard of judgment, viz., whether there was reasonable grounds for bringing an action which demonstrably fell short of a carrying conviction to the trier of the facts, would be to duplicate or multiply actions on an illusive issue."

Injury to the insured flowing from respondent's failure to prosecute the appeal is demonstrated by the direction for a new trial consequent on the appeal prosecuted by the insured. (*McAleenan* v. *Massachusetts Bonding & Ins. Co.,* 232 N. Y. 199.)

The insured's refusal to settle the liability claim under the circumstances of this case does not operate to relieve the respondent of its covenant to defend. Respondent does not advert to and we do not perceive any provision of the policy of insurance requiring the insured to settle under the circumstances of this case. Moreover, if in any aspect of the case the insured was under a duty to adjust and settle the liability claim, after the insured had refused to do so, compliance therewith was waived by the respondent in continuing with the defense of the liability action. That the covenant to defend survived the insured's refusal to settle is manifest from the letter of the attorney for the insurer dated April 11, 1955, which states, in part: " If your appeal is successful, and we sincerely hope it will be, rest assured we will participate in the re-trial of the issues in question." The sole remaining issue is as to the quantum of damages, which may be ascer-

tained on an assessment in accordance with rule 113 of the Rules of Civil Practice. (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.,* 297 N. Y. 148, 154–155.)

The order appealed from should be reversed on the law, with costs, and the motion granted, with costs to the appellant.

FRANK J. (concurring). I concur in the determination made by the majority, but believe that the decision should rest on a broader base. The question is whether the carrier breached its contract of insurance, as is charged in the complaint, by its refusal to prosecute an appeal from a judgment adversely rendered against the assured's assignor. While reasonable grounds to justify the appeal are clearly present in this record, nothing in the insurance contract conditioned the obligation of the carrier upon that factor, or limited its obligation only to supplying defense up to and including the trial.

By the terms of its policy, the defendant assumed the absolute duty to defend, for there are no words qualifying or limiting the pertinent paragraph in the insurance contract issued by it. Such a contract under established rules must, in case of doubt or ambiguity, be strictly construed against the insurer, which is responsible for the language used in the policy.

It has frequently been stated that the duty to defend is broader than the duty to pay (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.,* 297 N. Y. 148). Moreover, the duty to defend is indivisible and it requires the carrier to conduct the whole defense and, if necessary to vindicate the rights of the insured, to prosecute an appeal (*Mannheimer Bros.* v. *Kansas Cas. & Sur. Co.,* 149 Minn. 482).

I do not read *Grand Union Co.* v. *General Acc., Fire & Life Assur. Corp.* (254 App. Div. 274, affd. 279 N. Y. 638) as imposing any condition of "unreasonableness" or "the circumstances of each case." In that case (p. 276), which was determined upon stipulated facts, the question of law posed was, "1. Did defendant breach its promise to defend actions against plaintiff for damages from accidents covered by its policy?" The question was answered in the affirmative by this court, and by the Court of Appeals in sustaining our judgment. There the problem involved legal representation both on the trial and on appeal and because the breach occurred at the very outset, it would appear that the question with respect to the carrier's duty regarding appeal was not the crucial issue. Consequently, we should not assume that a distinction was intended.

Where the insurance company, as here, assumes a single obligation to defend its assured, I see no reason to draw a distinction between defense prior to or on appeal, in the absence of language in the contract expressing such an intention. Nor can I find justification for implying conditions as to the prosecution of an appeal not expressed within the ambit of the policy.

RABIN, J. P., VALENTE and STEVENS, JJ., concur with McNALLY, J.; FRANK, J., concurs in result in opinion.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion granted, with costs. Settle order.