■ In the Matter of the Claim of DEANNA ROTH, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board ruling claimant ineligible for benefits effective January 7, 1969 on the ground that she voluntarily left her employment without good cause (Labor Law, § 593, subd. 1, par. [a]). The board has found that claimant terminated her employment at the end of her first day at work on return from vacation, primarily, because her employer did not make prompt payment of her vacation pay; that in doing so she did not give her employer, who did not deny her entitlement to vacation pay, a reasonable opportunity to remedy her grievance, and that her dissatisfactions with employment, "considered as a whole or separately, did not constitute compelling reasons and therefore good cause for terminating her employment." " Good cause " within the meaning of the Labor Law is a question of fact within the sole province of the board if its determination is supported by substantial evidence (e.g., *Matter of Rubenstein [Catherwood]*, 33 A D 2d 950), and such substantial evidence is present in the instant record. Similarly issues of credibility are solely for the board's evaluation (e.g., *Matter of Witek [Ortiz Funeral Home Corp.-Catherwood]*, 33 A D 2d 949). Accordingly, the determination must be confirmed. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.

■ MARGARET F. PATTERSON, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant.— REYNOLDS, J. P. Appeal from an order of the County Court of Schenectady County, denying appellant's motion to dismiss respondent's complaint on the grounds that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7). Respondent brings the instant action seeking various purported damages, including a liability claim made against her by a third party, for the appellant's alleged breach of contract in canceling during its term an automobile liability insurance policy issued to respondent for the year ending November 26, 1967. In its answer appellant asserts that it canceled the policy for nonpayment of premiums, but the record itself at this juncture clearly indicates solely that full payment for the liability policy was in fact paid by respondent. In its brief here appellant asserts that the unpaid premiums which precipitated the cancellation were for later added collision coverage on a newly purchased vehicle, but such contention or any support thereof does not appear anywhere in the record before us. Additionally, respondent denies receiving the notice of cancellation assertedly mailed by appellant on August 14, 1967. At this posture of the case we cannot say that there are not issues present requiring a plenary trial. Nor does the " no-action " condition in the insurance policy here bar the respondent's second cause of action based on appellant's failure to defend her in the liability action brought against her by the third party. Respondent's action is for breach of contract not on the policy, and appellant in denying the efficacy of the policy is precluded from raising this provision as a defense (e.g., *Beckley v. Otsego County Farmers Coop. Fire Ins. Co.*, 3 A D 2d 190, 194, mot. for lv. to app. dsmd. 2 N Y 2d 990; *Mayor, Lane & Co. v. Commercial Cas. Ins. Co.*, 169 App. Div. 772, 777–778; *Reese v. Fidelity & Deposit Co.*, 93 Misc. 31, 33–34). Order affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.