Anthony J. Ferraro, J.
Defendant moves to dismiss the complaint herein pursuant to CPLR 3211 upon the grounds (1) that the cause of action is barred by the Statute of Limitations and (2) that the complaint does not state facts sufficient to constitute a cause of action.
The complaint seeks to recover attorneys fees of $3,295 incurred by plaintiff to defend an action covered by defendant’s policy. Plaintiff alleges breach by defendant of its covenant to defend its insured.
This action was instituted on April 29, 1975 by service of a *731 summons and notice upon the Superintendent of Insurance of the State of New York.
Plaintiff herein was sued during the year 1966 by an adjoining property owner for causing property damage. Plaintiff notified the defendant of the suit but the latter refused to accept the claim and defend the action.
On April 4, 1968 judgment was rendered against plaintiff in the amount of $93,861.66.
Thereafter plaintiff again requested defendant to afford him legal representation and more specifically, to prosecute an appeal from the judgment. Defendant again refused alleging that the action was not covered by the policy.
On December 15, 1971 plaintiff wrote to the defendant advising it that a motion was being made to dismiss the appeal and requesting defendant to oppose it. Defendant again refused, now ascribing as an additional reason that plaintiff in the original action was now suing this defendant upon the judgment pursuant to section 167 (subd 1, par [b]) of the Insurance Law.
On January 19, 1972 the appeal was dismissed by the Appellate Division, Second Department.
In March, 1975 the Court of Appeals determined that defendant was liable for the entire judgment rendered against plaintiff herein (36 NY2d 358).
Defendant here contends that the cause of action for attorneys fees accrued when the defense, of the action was refused on March 1, 1967 or at the latest when the defense was terminated by judgment on April 4, 1968. Defendant hence argues that more than six years have elapsed between the accrual and commencement of the action which is consequently barred by the Statute of Limitations.
Plaintiff contends that the cause of action did not accrue until January 19, 1972 when the action was finally terminated by a dismissal of the appeal and that this action was instituted within six years of said date.
An action upon a contractual obligation must be commenced within six years. (CPLR 213, subd 2.) This action predicated upon the breach by defendant of its contractual obligation to defend its insured comes within the purview of CPLR 213 (subd 2).
In an action for breach of contract the cause of action accrues and the Statute of Limitations begins to run when the *732 contract is breached or when one omits the performance of an obligation. (Edlux Constr. Corp. v State of New York, 252 App Div 373, affd 277 NY 635; Campbell v Culver, 56 App Div 591; Bank of Utica v Childs, 6 Cow 238; Argall v Bryant, 1 Sandf. 98.)
In the instant case defendant is in effect an "institutionalized substitute” for an attorney and the obligation to afford legal representation continued until the case was concluded. (Kandel v Tocher, 22 AD2d 513.) The obligation did not cease when judgment was rendered but continued beyond until final disposition on appeal. (Kaste v Hartford Acc. & Ind. Co., 5 AD2d 203.) The refusal of the defendant to step in constituted a continuous breach and a persistent omission to perform its obligation until the dismissal of the appeal sounded the final death kneli to the action. The breach was not complete until final dismissal for until such event defendant could have assuaged plaintiff’s grief, sealed the breach and redeemed its wrong by taking up the cudgels of the action. Although afforded the opportunity defendant did not rise to the occasion. The action therefore accrued when the breach was complete and the failure to perform was final, to wit, January 19, 1972.
The courts have consistently held that actions accrue upon termination of wrongful conduct. In Borgia v City of New York (12 NY2d 151) the court held that an action for medical malpractice did not accrue until treatment was terminated. This doctrine was applied with equal authority to legal malpractice actions in Siegel v Kranis (29 AD2d 477) and the court indicated the applicability of the rule in an action involving malpractice by an accountant in Wilkin v Pickup & Co. (74 Misc 2d 1025).
The court finds no logical basis for distinction between wrongful conduct on the part of professionals and the wrongful breach of a contract by an insurance company. Referring to the former, the Court of Appeals stated in Borgia v City of New York (supra), "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition of complaint, the 'accrual’ comes only at the end of the treatment”. In this case the breach was likewise continuous and related to the original condition of complaint and action should accrue at the culmination of the conduct constituting the breach.
Viewed in another light, each refusal of the defendant to *733 defend plaintiff in the action and appeal constituted a new breach of its insurance contract. These refusals were continuous throughout the pendency of the action and appeal. When the appeal was terminated by dismissal on January 19, 1972 the refusals became final and the last breach occurred. This action has been instituted within six years of such final refusal and breach and is therefore timely.
There remains for consideration defendant’s contention that the complaint fails to state a cause of action. The basis of this contention is that plaintiff fails to allege it has paid attorneys fees or suffered out of pocket expense thereby but merely alleges it has incurred an obligation therefor. The court cannot accept this argument. If defendant is in fact obligated to pay for the legal expenses involved it must pick up the tab whether plaintiff paid it or not. There is no logical reason to require plaintiff to advance money it is not obligated to pay as a condition to obtaining payment from the party responsible for the obligation in the first place. It suffices that the obligation has been incurred. It should be met head on by the responsible party without being first siphoned through the plaintiff.
The motion to dismiss the complaint is therefore denied.