In the Matter of the Claim of NADIA SHTOHRYN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 14, 1975, which reversed the decision of the referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she voluntarily left her employment without good cause and holding that claimant willfully made a false statement in order to obtain benefits and imposing a penalty therefor. The employer and claimant presented decidedly different versions as to what precipitated the break in their relationship. The issues of fact and credibility presented, including the question of whether the separation was for good cause within the meaning of the Labor Law, are within the province of the board, and, since its determinations are supported by substantial evidence, they must be affirmed (cf. *Matter of Rubinstein [Catherwood]* 33 AD2d 950). In addition, the determination of whether or not the misrepresentations were willful is factual, and no reason appears here which requires us to disturb the board's decision *(Matter of Rubinstein, supra)*. Decision affirmed, without costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.

In the Matter of the Claim of MAYER ZYGER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because he was not available for employment. Claimant was a 100% stockholder and manager of a coffee shop which closed because of a fire. Claimant did not reopen the premises after the fire damage had been repaired. The board found that claimant made only four job efforts since filing for benefits and established that claimant had no genuine attachment to the labor market as an employee and thus was unavailable for employment. That factual finding is in the sole province of the board and its determination is final, if supported by substantial evidence (Labor Law, § 623; *Matter of Roth [Catherwood]* 34 AD2d 1081; *Matter of Bennett [Catherwood]*, 33 AD2d 946). Claimant's testimony that he wanted to buy a store and find a new location and his very meager search for employment provided substantial evidence for the board's determination. Decision affirmed, without costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.