■ In the Matter of the Claim of OLIVE M. WILLIAMS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 1975 which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she voluntarily left her employment without good cause. Claimant, a supermarket cashier, worked for her employer for approximately three and a half years until August 15, 1974, on which date her supervisor called to her attention two letters from customers complaining of the claimant's rudeness. The supervisor warned claimant that future complaints would result in dismissal. Claimant alleges that at that point she was fired, while the employer states she could have continued to work had she so chosen. Claimant further alleges that she had been inquiring about a raise and that this played an important part in her firing. The question of whether the claimant was fired or quit is in sharp conflict in this proceeding. This court has consistently held that the resolution of a factual dispute as to the cause of a claimant's separation from employment is a determination within the sole province of the board, if supported by substantial evidence (Matter of Kansky [Catherwood], 27 AD2d 887). In the instant case, the resolution of the dispute as to whether the claimant was fired or quit depends on the credibility of the witnesses and on such questions the determination of the board is final (Labor Law, § 623; Matter of Roth [Catherwood], 34 AD2d 1081). Substantial evidence in this record supports the board's decision. Decision affirmed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.