PAUL HOLT DRILLING, INC., and Paul Holt, an individual, Plaintiffs-Appellants,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

No. 80–1390.

United States Court of Appeals, Tenth Circuit.

Argued and Decided Oct. 2, 1981.

Decided Nov. 16, 1981.

---

Burton J. Johnson of Looney, Nichols, Johnson & Hayes, Oklahoma City, Okl., for plaintiffs-appellants.

David D. Wilson of Baker, Baker & Wilson, Oklahoma City, Okl., for defendant-appellee.

Before BARRETT and LOGAN, Circuit Judges, and KUNZIG,* Judge.

LOGAN, Circuit Judge.

Paul Holt Drilling, Inc. and Paul Holt, an individual (collectively the "insureds"), appeal from the trial court's dismissal of their diversity action against Liberty Mutual Insurance Company alleging breach of its duty to defend the insureds. The single issue on appeal is when the statute of limitations begins to run on such a breach. By agreement of the parties, the case was submitted on the briefs.

In December 1971 a third party sued Paul Holt Drilling, Inc. for damages allegedly caused by the blowout of an oil well it had been drilling. In March 1972 Liberty Mutual denied policy coverage for any liability Paul Holt Drilling might incur and denied any obligation to defend the insureds.[1] In November 1977, as the protracted litigation against Paul Holt Drilling was finally winding down, the insureds brought this action against Liberty Mutual. The trial court concluded that the insureds' cause of action alleging breach of contract for failure to defend arose on March 7, 1972, when Liberty Mutual notified the insureds that it was denying coverage; the trial court therefore dismissed the action as barred by the five-year statute of limitations.[2]

The insureds' principal contention on appeal is that they could not bring suit against Liberty Mutual until the underlying litigation had been completed, and therefore the statute of limitations should not be considered to have commenced to run until November 10, 1977.[3] They rely primarily upon a no action clause in their policy:

---

* Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation.

1. The policy provides that "the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . . ."

2. Okla.Stat.Ann. tit. 12, § 95 (1971), provides: "Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
   First. Within five (5) years: An action upon any contract, agreement or promise in writing."

3. The insureds' actions were not wholly consistent with their argument, however, since the underlying litigation had not been completed by November 10, 1977. On that date the third party moved for a new trial in its action against Paul Holt Drilling, and it did not finally dismiss the action until later.

"No action shall lie against the [insurance] company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

Alternatively, they argue that if the statute begins to run when the insurance company first refuses to defend, in the event of protracted litigation an insured would have to file suits every few years to protect against running of the limitations period. Asserting that this multiplicity of suits would be undesirable, they contend the limitations period should not begin until the underlying litigation has been completed.

Liberty Mutual argues that the no action clause applies only to claims third parties make against the insured and, alternatively, that the no action clause is void, citing Okla.Stat.Ann. tit. 36, § 3617 (1971):

"No policy delivered or issued for delivery in Oklahoma and covering a subject of insurance resident, located, or to be performed in Oklahoma, shall contain any condition, stipulation or agreement . . . (2) preventing the bringing of an action against any such insurer for more than six months after the cause of action accrues . . . . Any such condition, stipulation or agreement shall be void, but such voidance shall not affect the validity of the other provisions of the policy."

If the no action clause does not apply, then according to Liberty Mutual, the limitations period began on the date it notified the insureds it would not defend them.

A few courts have relied upon a no action clause in a policy to hold that the statute of limitations does not begin to run until the underlying litigation has concluded. *See Ginn v. State Farm Mut. Auto. Ins. Co.,* 417 F.2d 119 (5th Cir. 1969); *Kielb v. Couch,* 149 N.J.Super. 522, 374 A.2d 79 (Super.Ct.Law Div.1977). However, most courts have held that the no action clause does not apply to a suit the insured brings for breach of the

insurer's obligation to defend. *See Dryden v. Ocean Accident & Guarantee Corp.,* 138 F.2d 291, 295 (7th Cir. 1943); *Scott v. Inter-Insurance Exchange,* 352 Ill. 572, 186 N.E. 176, 179 (1933); *Ratner v. Canadian Universal Ins. Co.,* 359 Mass. 375, 269 N.E.2d 227, 228–29 (1971); *Satterwhite v. Stolz,* 79 N.M. 320, 442 P.2d 810, 816–17 (1968); *Patterson v. Allstate Ins. Co.,* 34 A.D.2d 1081, 312 N.Y.S.2d 147, 148 (App.Div.1970); *Gulf Ins. Co. v. Parker Prods., Inc.,* 498 S.W.2d 676, 679 (Tex.1973); *Liberty Mut. Ins. Co. v. General Ins. Corp.,* 517 S.W.2d 791, 798 (Tex.Civ.App.1974). The Oklahoma courts have not treated the issue, so we must determine how the Oklahoma Supreme Court would decide the issue.

■ We see an important difference between claims by a third party alleging the insured is responsible for the third party's injuries and claims by the insured asserting the insurer is withholding benefits due the insured under the policy. The purposes of the no action clause are to prevent nuisance suits against the insurance company and to prevent an injured party or an insured from bringing the insurance company into the underlying litigation with possible resultant prejudice. *See St. Louis Dressed Beef & Provision Co. v. Maryland Cas. Co.,* 201 U.S. 173, 182–83, 26 S.Ct. 400, 403–04, 50 L.Ed. 712 (1906); *Simon v. Maryland Cas. Co.,* 353 F.2d 608, 612 (5th Cir. 1965). We think the Oklahoma court would hold the no action clause is intended to apply only to claims made by third parties.

■ The wording of the clause itself supports the conclusion that it does not apply to the *insureds'* claims against the insurer. The clause requires delay of suit "until the amount of the insured's obligation to pay shall have been finally determined, either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." If the no action clause applies to the insureds' claims, when would it no longer bar suit to recover for legal expenses they bear when

the insurer wrongfully refuses to defend?[4] Unless insureds refuse to pay their attorney, no judgment for those fees will ever be entered against them. There will never be a written agreement of "the insured, the claimant and the company" with respect to these attorneys' fees and litigation costs. Additionally, "claimant" in this context obviously refers to a third party claiming against the insured.

Having found the no action clause is inapplicable, we must determine whether the insurance company breached its obligation to defend at the time the insured first incurred legal expenses, at the time the underlying litigation was complete, or continuously or periodically during the course of that litigation. There are no Oklahoma cases except the trial court's decision below. We have found three cases that have concluded that the statute begins to run upon completion of the underlying action. *Moffat v. Metropolitan Cas. Ins. Co.*, 238 F.Supp. 165, 175–76 (M.D.Pa.1964); *Oil Base, Inc. v. Continental Cas. Co.*, 271 Cal. App.2d 378, 76 Cal.Rptr. 594, 601 (1969); *Colpan Realty Corp. v. Great Am. Ins. Co.*, 83 Misc.2d 730, 373 N.Y.S.2d 802, 804–05 (Sup.Ct.1975). We disagree with them.

■ We think it clear that a breach occurred when the insureds first incurred legal expenses because the insurer refused to defend them.[5] At that time the insurer failed to fulfill its contractual obligation. *See Bloom-Rosenblum-Kline Co. v. Union Indem. Co.*, 121 Ohio St. 220, 167 N.E. 884, 886 (1929). If the insureds had no cause of action at that point, they might incur legal expenses they would be wholly unable to pay. *See Arenson v. National Auto. and Cas. Ins. Co.*, 48 Cal.2d 528, 310 P.2d 961 (1957); *cf. Solo Cup Co. v. Federal Ins. Co.*, 619 F.2d 1178, 1185 (7th Cir.) (a basic purpose of the insurance policy is protecting the insured from the expenses of litigation), *cert. denied*, 449 U.S. 1033, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980). We should encourage early suit to determine the parties' liabilities; if the insurer is found liable, it no doubt will quickly assume its defense obligations.

■ Because we find that the insureds' cause of action arises as soon as they must incur the expenses of defense as a consequence of the insurer's refusal, we disagree with those courts that have concluded the cause of action does not arise until the underlying litigation has terminated. But we agree with those courts' characterization of the insurer's obligation to defend as one that continues throughout the course of the litigation against the insureds. Other courts, too, have held the duty is continuing. *See Coblentz v. American Sur. Co.*, 416 F.2d 1059, 1062 (5th Cir. 1969); *Burton v. State Farm Mut. Auto. Ins. Co.*, 335 F.2d 317, 323 (5th Cir. 1964). We conclude the Oklahoma courts would find that the insurer's obligation to defend the insureds is a "continuing contract," about which Professor Corbin says the following:

"There are contracts, however, that have been said to require continuing (or continuous) performance for some specified period of time, a period that may be definite or indefinite when the contract is made. These contracts too are capable of a series of 'partial' breaches, as well as of a single total breach by repudiation or by such a material failure of performance when due as to go 'to the essence' and to

---

**4.** We note that the refusal need not be wrongful since sometimes an insurer's interests will conflict with those of the insured; on these occasions, the insurer may have to forego conducting the defense and instead pay the insured's attorneys' fees as incurred. *See, e. g., Waite v. Aetna Cas. and Sur. Co.*, 77 Wash.2d 850, 467 P.2d 847, 853 (1970).

**5.** Liberty Mutual urges that the date of its refusal to defend was the date of any breach that occurred. But an insurer may give its refusal when the third party first claims against the insured, long before the third party files a suit. We think the first date of breach would be the date the insureds first incurred legal expenses because the insurer refused to provide the defense. Until that time no defense was needed and so no duty was breached. *See Solo Cup Co. v. Federal Ins. Co.*, 619 F.2d 1178, 1189 (7th Cir.), *cert. denied*, 449 U.S. 1033, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980); *Fisher v. Hartford Accident and Indem. Co.*, 329 F.2d 352, 353–54 (7th Cir. 1964).

frustrate substantially the purpose for which the contract was agreed to by the injured party. For each 'partial' breach a separate action is maintainable, just as in the case of an 'instalment' contract; and for a series of 'partial' breaches occurring before any action is brought only one action is maintainable."

4 A. Corbin, *Corbin on Contracts* § 956, at 841 (1951).

Oklahoma cases support this conclusion. After finding a continuing contract in an oil lease agreement the Oklahoma Supreme Court determined that the statute of limitations applied as follows:

"Since we hold that the entire cause of action is not barred, the next question presented is what is the applicable statute of limitations? . . . The rule is that a breach of a continuing covenant gives rise to a cause of action each day the breach continues, and any claim for breach back of the statutory period within which the action may be brought is barred.

"The reason for the rule is that while the repeated and successive breaches of the implied covenant continue, the right of action for subsequent breaches does not accrue upon the first breach, but accrues and the statute begins to run as and when each breach occurs. Like an account not mutual in nature, but all on one side, the cause of action arises on the date of each item or breach, and the items within the statutory period of limitations do not draw after them those of longer standing."

*Indian Territory Illum. Oil. Co. v. Rosamond*, 190 Okla. 46, 120 P.2d 349, 352–53 (1941) (citations omitted). *Cf. Western Natural Gas. Co. v. Cities Service Gas Co.*, 507 P.2d 1236, 1241–42 (Okla.) (contractual duty to make full and fair disclosure was a continuing obligation), *cert. denied*, 409 U.S.

1052, 93 S.Ct. 559, 34 L.Ed.2d 506 (1972); *Bowman v. Oklahoma Natural Gas Co.*, 385 P.2d 440, 447 (Okla.1963) (representation given was a continuing covenant). *See also Erreca v. Western States Life Ins. Co.*, 19 Cal.2d 388, 121 P.2d 689, 698 (1942) (disability insurance policy is a continuing contract; upon suit the insured is entitled only to those payments missed to date).

The insurer is benefitted by considering the obligation to be a continuing one. So long as it does not prejudice the insured, the insurer can later rescind its refusal and assume the defense. *See Moffat*, 238 F.Supp. at 175; *Oil Base, Inc.*, 271 Cal. App.2d 378, 76 Cal.Rptr. at 601; *Colpan Realty Corp.*, 83 Misc.2d 730, 373 N.Y.S.2d at 804; *cf. Hardware Mut. Cas. Co. v. Hilderbrandt*, 119 F.2d 295, 299–300 (10th Cir. 1941) (insurer should assume defense when it learns of facts that, contrary to the pleading allegations, bring the suit within the policy's coverage), *rev'g on rehearing*, 119 F.2d 291 (1940).

Thus, we hold that the insurer's continued refusal to defend the insureds constituted a series of breaches of its contractual obligations. As the limitations period runs with each breach, the insureds are only precluded from recovering those litigation expenses incurred prior to the statutory period, here, five years.[6]

This case is reversed and remanded for proceedings consistent herewith.

---

**6.** We are not impressed with the argument that requiring suit within five years of each breach unduly clogs the courts with multiple legal actions. A second suit for legal expenses incurred after the first suit was filed may be necessary. However, as liability for those expenses is determined in the first suit, the insurer will probably pay additional expenses without the necessity of suit. *See also Burton v. State Farm Mut. Auto. Ins. Co.*, 335 F.2d 317, 324–25 (5th Cir. 1964) (court may protect insureds through conditional, contingent, or other orders).