OPINION OF THE COURT
Wayne P. Saitta, J.
*553 Defendant moves for an order pursuant to CPLR 3211 (a) dismissing plaintiffs’ complaint and each of the causes of action asserted therein; and (b) granting such other and further relief as this court deems just and proper. Plaintiffs cross-move for an order (a) pursuant to CPLR 3211 (b) and 3212 to dismiss the fourth, fifth, seventh, eighth, ninth, tenth and eleventh defenses pleaded in defendant’s answer; (b) pursuant to CPLR 3025 and 3211 (e) for leave to replead the complaint; (c) pursuant to CPLR 2001 to correct the caption regarding spelling of plaintiff Elizabeth Schneider’s name; and (d) for such other and further relief as may be just, proper and equitable.
Defendant’s motion is denied and plaintiffs’ cross motion is granted for the reasons set forth below.
Facts
Plaintiffs in this action purchased title insurance from the defendant on or about June 14, 1989, insuring title of the premises known as 4236 Surf Avenue, Brooklyn, New York. The policy was issued with reference to a survey done in 1933 which did not reflect any encroachment or defect. The marked up version of the policy specifically excepts the “rights of tenants or persons in possession, if any” and excepts any defect which appeared on the survey reading and survey inspection report dated April 20, 1989. That report “shows no changes” since the 1933 survey.
On or about June 8, 1991, the plaintiffs in this matter were sued by their neighbors in an action based upon the neighbors’ claim of adverse possession of land owned by plaintiffs. The neighbors alleged their use of the plaintiffs’ land commenced in approximately 1962. Defendant defended plaintiffs in that action.
In its judgment dated December 21, 1998, the trial court found that the disputed land consisted of two separate parcels, one at the front of the lot and the second at the rear. The court awarded the neighbors ownership of one parcel of land (the front parcel), and awarded the Schneiders the rear parcel.
In response to the decision, plaintiffs sought further representation from defendant to appeal the trial court’s ruling. Defendant responded to plaintiffs in writing on March 22, 1999, stating its obligation to plaintiffs had terminated, but that it would tender the difference between the value of the insured premises and the value of the insured premises without the front parcel, which based on defendant’s appraisal would be *554 $2,100. Plaintiffs hired outside counsel and proceeded with an appeal of the December 21, 1998 decision to the Supreme Court, Appellate Division, Second Department.
The neighbors cross-appealed to reverse that part of the trial court’s decision which granted the Schneiders the rear parcel. The Second Department denied the Schneider’s appeal but granted the cross appeal, reversing the trial court’s decision, granting plaintiffs ownership of the rear parcel as well as the front parcel. Plaintiffs now seek to recover for the value of the front parcel lost at trial, and the rear parcel lost on appeal, the real estate taxes paid, legal fees and costs of the appeal, and for punitive damages.
Arguments
Defendant moves for summary judgment arguing there was no breach of the title insurance policy it issued to the plaintiffs.
In its answer, defendant asks the court to refer to the policy to determine its terms and asks the court to adjudge whether it had a duty to indemnify and/or defend the plaintiffs in the adverse possession action.
Defendant asserts the adverse possession claim that was brought against the plaintiffs was “potentially covered by the Title Policy” and for that reason defendant undertook the plaintiffs’ defense for approximately seven years. It further asserts that the policy gave defendant the right to appeal the trial court’s decision, but not the obligation to do so. Defendant argues that it based its decision not to appeal in part on the assessment that not only might the appeal not result in an award of the front parcel, but that there was a chance that it would lose the rear parcel as well. Furthermore, defendant argues that it offered to pay the plaintiffs the difference in the value of the front parcel it lost at trial based on an appraisal conducted by defendant’s appraisers.
Defendant argues that plaintiffs’ decision to go forward with the appeal was made with full knowledge that Commonwealth would not cover the cost of the appeal under the policy.
Plaintiffs further argue that their cross motion should be granted because defendant did not properly disclaim coverage and cannot do so now. Plaintiffs seek that their motion to re-plead be granted because the pleadings provided notice of the elements and theories of the action.
*555 Analysis
It is well established that a party moving for summary judgment must make a prima facie showing of entitlement as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980].)
Once there is a prima facie showing, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish material issues of fact which require a trial of action. (Zuckerman v City of New York, 49 NY2d 557 [1980]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) However, where the moving party fails to make a prima facie showing, the motion must be denied regardless of the sufficiency of the opposing party’s papers.
The primary issue at bar is whether the defendant was obligated to undertake representation of the insured on appeal of a partially adverse decision. Whether the initial adverse possession claim was covered under the terms of the policy is a moot issue as defendant failed to disclaim coverage but instead undertook the defense of the claim over a seven-year period and subsequently made an offer to indemnify the insureds for losses associated with the underlying adverse possession claim.
A “title insurance policy” is a contract by which a title insurer agrees to indemnify its insured for loss occasioned by defect in title. (L. Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179 [1981].) It insures owners of real property against loss by reason of defective titles and encumbrances thereon. (Insurance Law § 1113 [a] [18].)
There is some authority that title insurance policies, subject to their specific terms, generally give the insurer options as to how to satisfy their obligations to the insured under the tetins of the policy by either paying the amount of the insured’s loss, settling with the insured or other parties, successfully defending the claim if it is in court or taking affirmative action to clear the defect. (1 Palomar, Title Insurance Law § 10:2 [2006].) They generally are also written to give the insurer the option to indemnify as opposed to defend. (Id.) Title insurance only provides indemnification for any diminution in the value of property sustained as a result of defects in a title insured by the policy. (Citibank v Chicago Tit. Ins. Co., 214 AD2d 212, 221-222 [1995].)
*556 New York courts, however, have interpreted title insurance policies to include the duty to appeal as a part of the duty to defend. (Kaste v Hartford Acc. & Indem. Co., 5 AD2d 203 [1st Dept 1958].)
In Kaste, the liability policy in question contained an express covenant to defend, and the question on appeal was “whether the covenant . . . include [d] the obligation to prosecute an appeal from a judgment adverse to the insured.” (Id. at 204.) The Court in Kaste found that where there is a duty to defend, there is a duty to appeal. (Id. at 205.)
The Kaste court stated, “We have held that the covenant to defend embraces the duty to prosecute an appeal from a judgment against an insured ‘where there are reasonable grounds for appeal/ ” (Id. at 204, quoting Grand Union Co. v General Acc., Fire & Life Assur. Corp., 254 App Div 274, 281 [1938], affd 279 NY 638 [1938].) The concurring opinion in Kaste states this position in another way:
“Where the insurance company, as here, assumes a single obligation to defend its assured, I see no reason to draw a distinction between defense prior to or on appeal, in the absence of language in the contract expressing such an intention. Nor can I find justification for implying conditions as to the prosecution of an appeal not expressed within the ambit of the policy.” (Id. at 207.)
The Court in Cornwell v Safeco Ins. Co. of Am. (42 AD2d 127 [4th Dept 1973]) held that an insurer is obligated to pursue an appeal where there is a reasonable basis to do so. (42 AD2d 127, 138 [1973], citing Kaste, supra.) In that case, the insurance company was found liable for the costs associated with the insureds’ appealing an adverse ruling which they claim was the result of the insurer’s representation in violation of its duty of due care and good faith.
In Colpan Realty Corp. v Great Am. Ins. Co. (83 Misc 2d 730 [Sup Ct, Westchester County 1975]), the court found that the duty to defend included all appeals, stating “The obligation did not cease when judgment was rendered but continued beyond until final disposition on appeal.” (Id. at 732.) The Colpan decision provided that the insurer in that action was responsible for the insured’s financial obligation for legal representation during an appeal it undertook when the insurer declined to prosecute an appeal from a judgment rendered against the insured. (Id.)
In this case, the Schneiders were sued by their neighbors in an adverse possession action. Commonwealth responded to the *557 litigation by providing defense counsel for a seven-year period. After the ruling by the Supreme Court, Commonwealth declined to pursue the appeal and notified the Schneiders of the same in a letter dated March 22, 1999.
Although there is not extensive authority on the matter, the Kaste court and its progeny support the conclusion that absent an express provision defining or limiting the same, the duty to defend includes the duty to appeal where there are reasonable grounds to do so.
The Schneiders had reasonable grounds for appeal. They argued that their neighbors admitted having received the deed, survey and title report at the time of closing, putting them on notice of the true property line which was sufficient to defeat a claim of right to the land in dispute.
At the time of the Schneiders’ appeal, the issue as to whether a claim for adverse possession had to be made under a claim of right was an unsettled area of law.
After the Schneiders’ claim was decided, the Second Department held in Asche v Land & Bldg. Known as 64-29 232nd St. (12 AD3d 386, 387 [2004]) that the elements of a prescriptive easement were that the use was “hostile, open and notorious, and continuous and uninterrupted” and that it did not have to be made under color of right. However, the Second Department later held in, Morales v Riley (28 AD3d 623 [2d Dept 2006]), not only must the use be hostile but it must also be under a claim of right, adopting the position asserted by the Schneiders, albeit too late to help them.
Although they lost on appeal, the Schneiders’ position that the neighbors did not occupy under a claim of right was a reasonable basis to appeal the trial court’s decision.
Defendant’s argument that the appeal risked the reversal of the portion of the Supreme Court decision favorable for the Schneiders, while true, is not a basis to refuse the appeal. The Schneiders were not required to accept “half a loaf’ and could insist on an appeal to vindicate their full rights, even though this entailed the risk of further loss.
Further, although the Schneiders’ appeal of the loss of the front parcel of land resulted in their loss of the rear parcel as well, they did not create the initial defect which gave rise to the defeat. Thus their actions did not cause the loss within the meaning of the policy. Upon Commonwealth’s undertaking the defense of the Schneiders’ claim, Commonwealth’s duty to *558 defend continued through the appeals process as there were reasonable grounds for the appeal.
Plaintiffs also seek to dismiss Commonwealth’s fifth affirmative defense that “Pursuant to the terms of the subject title insurance policy, upon a demand from Commonwealth, plaintiffs are required to submit their claim of loss to arbitration.”
We find no provision within the policy which makes reference to any such requirement. Furthermore there is no evidence in the moving papers that Commonwealth made any such demand. The unexercised right, if any, to demand arbitration cannot be pleaded as a defense herein.
In their cross motion, plaintiffs moved pursuant to CPLR 3025 and -3211 (e) for leave to replead the complaint, but they failed to annex any amended complaint.
Wherefore the defendant’s motion dismissing plaintiffs’ complaint is denied; plaintiffs’ cross motion to replead the complaint is denied; plaintiffs’ cross motion to dismiss the fourth, fifth, seventh, eighth, ninth, tenth and eleventh affirmative defenses pleaded in defendant’s answer and to correct the caption regarding spelling of plaintiff Elizabeth Schneider’s name is granted for the reasons stated herein.