**YOUNGBLOOD & ASSOCIATES, P.L.L.C. f/k/a Youngblood & White, P.L.L.C., Appellant,**

v.

**Robert DUHON, Jr., Appellee.**

**No. 14–00–01202–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 12, 2001.

**64**

Katherine S. Youngblood, Houston, for appellants.

Jeffrey R. Singer, Houston, for appellees.

Panel consists of Justices YATES, FOWLER, and WITTIG.

## OPINION

WITTIG, Justice.

This is an appeal from a summary judgment order. Appellant claims the trial court erred in refusing to award attorney's fees. Because we find the summary judgment order is interlocutory, we dismiss the appeal for lack of jurisdiction.

Appellant is a law firm that brought suit against appellee for breach of contract and on sworn account for payment for legal services rendered. The amount owed to appellant was $2,001.70. In the original petition, appellant also pled for reasonable attorney's fees incurred in bringing suit. Appellant filed a motion for summary judgment on the claims of breach of contract and sworn a account. In this motion, appellant sought payment of the debt of $2,001.70 plus "prejudgment interest, taxable court cost, as well as attorneys fees in an amount of $7,602..00 [sic] for legal services rendered and $500.00 for services to be rendered through the hearing on the motion for summary judgment and entry of final judgment for total attorneys fees of $8,102.00, and $302.41 for costs incurred throught final hearing on this motion and entry of judgment for a total amount due

for prejudgment attorneys fees and expenses of $8,404.41." In support of the motion for summary judgment, appellant attached an affidavit regarding the amount of the account and setting forth appellant's hourly fee, the hourly fee of an associate attorney, and that of a legal assistant, and stated the total hours spent by both attorneys and legal assistant in prosecuting the case. Appellant further stated these fees were reasonable, necessary, and appropriate considering appellee's refusal to pay the debt in question and by his actions including evasion of service, a vigorous defense, conduct of discovery, and avoidance of early resolution.

In response to appellant's motion, appellee disputed the amount of the debt and attached the affidavit of appellee's counsel setting forth counsel's opinion that appellant's prayer of $8,102.00 in attorney's fees was neither customary nor reasonable for the collection of a debt of $2,001.70. In the affidavit, appellee's counsel states that a fee of $7,602.00 for these activities was clearly unreasonable, and, given the amount of the debt sought to be collected, was neither usual nor customary.

The trial court granted summary judgment in favor of appellant for the debt of $2,001.70, plus prejudgment and post-judgment interest, but the order contained no ruling on attorney's fees. Appellant brings two points of error, challenging the trial court's failure to award attorney's fees. Because we find the summary judgment order is not a final, appealable judgment, we do not address appellant's points of error.

■■■■ "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex.2001). An order that does not dispose of all issues and parties is interlocutory and not appealable absent a severance. *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.1993), *overruled on other grounds, Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 204 (Tex.2001). Simply labeling the order "Final Judgment" is not enough-there must be some clear indication the trial court intended to completely dispose of the entire case. *Lehmann,* 39 S.W.3d at 205. Furthermore, the inclusion of Mother Hubbard language is no longer determinative of finality. *Id.* at 203–4. An appellate court may review the record to determine whether an order disposes of all claims and parties. *Id.* at 205–6.

■■ In this case, the order appealed from is entitled, "FINAL SUMMARY JUDGMENT" and it includes Mother Hubbard language. The order states, "Final summary judgment is granted in favor of Plaintiff and against Defendant Robert G. Duhon, Jr., on Plaintiff's claims for breach of contract and suit on sworn account...." Thus, the order disposes of all parties and appellant's two claims for recovery of the debt, but the order contains no ruling on appellant's claim for recovery of attorney's fees. Thus, the order does not dispose of all claims. Appellant filed a motion to modify the judgment to include a ruling on appellant's claim for attorney's fees. Although no order issued in response to this motion, the docket sheet indicates the trial court denied this motion. The motion to modify alerted the trial court to the outstanding claim. The denial of the motion to modify indicates that the trial court did not intend to rule on all claims and, thus, did not intend the summary judgment order to be final, despite the language in the order to the contrary.

Because the order appealed from is not a final, appealable judgment and there is

no severance in the record, we must dismiss the appeal for lack of jurisdiction.