Reversed and Remanded and Opinion filed October 24, 2002









Reversed and Remanded and Opinion filed October 24,
2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00901-CV

____________

 

VANSTEEN MARINE SUPPLY, INC., KOPCKE
INTERNATIONAL, U.S.A. INCORPORATED, CURTIS L. CRONKHITE, and RON FAUSETT, Appellants

 

V.

 

TWIN CITY FIRE INSURANCE COMPANY and

HARTFORD FIRE
INSURANCE COMPANY,
Appellees

 



 

On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 99-52669

 



 

O P I N I O N








This appeal arises from a dispute over responsibility for the
payment of certain legal fees.  Vansteen
Marine Supply, Incorporated, Kopcke International, U.S.A. Incorporated, Curtis
L. Cronkhite, and Ron Fausett (collectively, “Vansteen”), appeal from the trial
court’s order denying their motion for partial summary judgment and granting
the motion for summary judgment of Twin City Fire Insurance Company and
Hartford Fire Insurance Company (collectively, “Hartford”).  We reverse and remand.




Factual and Procedural Background

Vansteen, following trial of another action in July 1999 (the
Skarbovik litigation), sought recoupment of its attorney fees from
Hartford, its insurer under two policies. 
Hartford, asserting the attorneys= fees sought were incurred only in
pursuing affirmative counterclaims and were thus not covered by the policies,
refused payment.  On October 21, 1999,
this suit ensued.

Hartford, after counterclaiming for attorney fees already
paid, joined Vansteen’s counsel in the Skarbovik
litigation, Stewart A. Feldman and Stewart A. Feldman & Associates, L.L.P.
(collectively, “Feldman”), as third party defendants.  Thereafter, on January 22, 2001, Hartford
moved for summary judgment against Vansteen on the ground “that an insured
cannot recover from an insurer for attorney’s fees and expenses incurred by  it in defense of suit against it in an absence
of showing that those items have actually been paid.”  Consequently, as “Plaintiffs have not
actually paid the fees and expenses for which it seeks to recover, they do not
have a justiciable cause of action and they lack standing to bring suit.”  In support of this position, Hartford cited
only Travelers Ins. Co. v. Reed Co., 135 S.W.2d 611, 615 (Tex. Civ. App.CBeaumont 1939, writ dism’d judgm’t. cor.).  On February 5, 2001, Vansteen responded to
the motion for summary judgment by averring that Hartford’s position was
without support in Texas or, indeed, any other State.  Four days later, Hartford replied to this
response by restating its argument that Vansteen lacked standing for failure to
incur the fees and expenses it sought to recover, and complaining that the only
actual justiciable claims were between it and Feldman.








Thereafter, on March 23, 2001, Hartford filed a supplemental
motion for summary judgment, wherein it asserted the cause was not ripe for
determination as “[Vansteen] ha[d] not actually paid the fees and expenses,”
and thus its claim for damages was not sufficiently developed.  Vansteen responded on April 23, 2001, by
again noting the absence of support for Hartford’s position.  On May 2, 2001, in a brief reply to this
response, Hartford returned to the argument that Vansteen lacked standing to
pursue its claim.

On May 21, 2001, the trial court signed a purported “Order
and Final Judgment” dismissing all claims against Hartford and granting its
supplemental motion for summary judgment. 
Subsequently, on June 19, 2001, Vansteen separately filed a motion for
new trial and motion for reconsideration, and a motion for partial summary
judgment.  In the latter, Vansteen
asserted:  (1) Hartford had failed to
give proper notice, and thus could not retroactively withdraw its defense; (2)
Hartford’s duty to defend included responsibility for the costs of pursuing
counterclaims that diminished and limited the ability of the plaintiffs in the Skarbovik
litigation to recover from Vansteen; (3) Hartford’s obligation to defend
continued until the covered claims at issue in the Skarbovik litigation
were finally resolved, and this obligation included liability for the costs of
pursuing counterclaims; (4) as Hartford ceased, and then renewed, its defense
of Vansteen, it was required to reserve its rights anew, and, by failing to do so,
Hartford became unable to withdraw its defense; and (5) Hartford was estopped
from denying liability for the fees incurred before its post-trial notice to
Vansteen that such attorneys’ fees would not be paid.

Following supplementation by Vansteen with purported evidence
of fees owed Feldman, Hartford responded to the motion for new trial and motion
of reconsideration.  Thereafter, on July
11, 2001, Vansteen filed (1) a restatement of and supplement to its motion for
new trial and motion for reconsideration, and (2) a supplement to its motion
for partial summary judgment. 
Subsequently, Hartford filed a response to Vansteen’s
supplement to its motion for new trial. 








A hearing was held on these various motions on August 6,
2001.  The trial court, having been
erroneously assured that Hartford moved for summary judgment Aon the basis of their
reservation-of-rights letter and that the attorney=s fees that were the subject matter
of this lawsuit were fees not generated as a result of the defense of any other
claim,@ confirmed its May 21, 2001, grant of
summary judgment in favor of Hartford. 
Finally, on November 8, 2001, the trial court signed an order that
severed the claims of Hartford against Feldman,[1]
considered Vansteen=s motion for partial summary judgment as part of its response
to Hartford=s motion for summary judgment, and
denied Vansteen’s motion for new trial and motion for
reconsideration.  This appeal ensued.

A Final Order

“[A]n order or judgment is not final for purposes of appeal
unless it actually disposes of every pending claim and party or unless it
clearly and unequivocally states that it finally disposes of all claims and all
parties.”  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001); see
also Youngblood & Assoc., P.L.L.C. v. Duhon, 57 S.W.3d 63, 65 (Tex.
App.CHouston [14th Dist.] 2001, no
pet.).  An order that does not dispose of
all issues and parties is interlocutory and is not appealable absent a
severance.  Id. (citing Mafrige
v. Ross, 866 S.W.3d 590, 591 (Tex. 1993), overruled on other grounds,
Lehmann, 39 S.W.3d at 204). An appellate court may review the record to
determine whether an order disposes of all claims and parties.  Lehmann, 39 S.W.3d at 205B06 (“The record may help illumine
whether an order is made final by its own language, so that an order that all
parties appear to have treated as final may be final despite some vagueness in
the order itself . . .”).








Here, order appealed from severed Hartford’s claims against
Feldman, ordered Vansteen’s motion for partial
summary judgment Abe considered as part of their Response to the Motion for
Summary Judgment@ of Hartford, and denied Vansteen=s motion for new trial and motion for
reconsideration.  Thus, when coupled with
the May 21, 2001 order granting Hartford’s motion for summary judgment, the
November 8, 2001 order disposes of all extant claims.  Further, the trial court orally expressed its
intent that the November 8, 2001 order be final for purposes of appeal.[2]  Accordingly, we conclude the trial court
disposed of all claims, rendering its judgment final and appealable.

Unpaid Attorneys’ Fees








In its first point of error, Vansteen complains the trial
court erred in granting summary judgment for Hartford.  Specifically, Vansteen asserts it may sue
Hartford for attorneys= fees owed, but not yet paid, to Feldman for its
representation of Vansteen in the Skarbovik litigation, and that the
cause is ripe for determination.  We
agree.

Before supplementation of Hartford’s motion for summary
judgment, it relied only upon Travelers Insurance Company for the
proposition that “an insured cannot recover from an insurer for attorney’s fees
and expenses incurred by it in defense of suit against it in an absence of
showing that those items have actually been paid.”  We decline, however, to follow that opinion’s
isolated preference for physical payment. 
Rather, “it [i]s not necessary that [an attorney’s] fee be paid to
enable [an insured] to recover, but when he establishe[s]
that he [i]s obligated to pay, and that the fee is reasonable . . . his cause
of action accrue[s].”  Royal Indem.
Co. v. Schwartz, 172 S.W. 581, 584 (Tex. Civ. App.CEl Paso 1914,writ dism’d w.o.j.); see
also Oliver B. Cannon and Son, Inc. v. Fidelity & Cas. Co. of New York,
519 F. Supp. 668, 675B76 (D.C. Del. 1981) (recognizing that an insured is not
precluded from maintaining “an action in its own name to recover its unpaid
attorney’s fees merely because, by the workings of an independent agreement
between [insured] and [attorney], [the insured] may be relieved of all or part
of its obligation to pay those fees”); Colpan Realty Corp. v. Great Am. Ins.
Co., 373 N.Y.S.2d 802, 805 (N.Y. Sup. Ct. 1975) (“If defendant is in fact
obligated to pay for legal expenses involved it must pick up the tab whether
plaintiff paid it or not.  There is no
logical reason to require plaintiff to advance money it is not obligated to pay
as a condition to obtaining payment from the party responsible for the
obligation in the first place.”); cf. Jamar v. Patterson, 910 S.W.2d
118, 123-24 (Tex. App.CHouston [14th Dist.] 1995, writ denied) (holding that an
award for medical expenses is proper when the expenses have been incurred, but
not paid); O’Connell v. O’Connell, 843 S.W.2d 212, 220 (Tex. App.CTexarkana 1992, no writ) (holding in
an appeal from a post-answer default judgment that third prong of Craddock
test required appellant to offer to reimburse appellee for legal expenses he
incurred in obtaining default judgment, even though most of the fees incurred
had not been paid).








Similarly, we decline Hartford=s invitation to find, based upon the
purported absence of a binding obligation to Feldman, that Vansteen’s
claims are insufficiently ripe for adjudication.  Evidence attached to Vansteen’s
motion for new trial and motion for reconsideration, submitted and considered
with its motion for partial summary judgment, provided some evidence of its
incurring at least $73,000 in attorney fees in the Skarbovik
litigation.  As discussed more fully
below, the trial court considered Vansteen’s evidence
when reconsidering Hartford’s motion for summary judgment.  See K-Six Television, Inc. v. Santiago,
75 S.W.3d 91, 96 (Tex. App.CSan Antonio 2002, no pet., mandamus denied) (holding
permission to file a late response may be reflected in trial court’s
recital).  Such evidence was sufficient
to present a justiciable controversy as to whether Hartford was liable in that
amount. See Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 852 (Tex.
2000) (recognizing that a case is ripe for determination if injury has occurred
or is likely to occur; the threat of harm must be direct and immediate rather
than conjectural, hypothetical, or remote).[3]

In its brief, Hartford urges the trial judge was correct in
the basis she stated for her ruling.  But
that statement was based on a misrepresentation by Hartford’s counsel regarding
the grounds for summary judgment contained in its motion.  We cannot affirm summary judgment on a basis
not stated in Hartford’s motion.  See
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339 (Tex.
1993).  Vansteen=s first point of error is sustained.








Partial Summary
Judgment

In its second point of error,
Vansteen avers the trial court erred in denying its motion for partial summary
judgment as to Hartford=s obligation to pay for the entire defense of the Skarbovik
litigation.  We need not reach the merits
of this contention.

When parties have filed competing motions for summary
judgment, and the trial court grants one motion and denies the other, we may
consider the propriety of the denial as well as the grant.  Gramercy Ins. Co. v. MRD Inv., Inc.,
47 S.W.3d 721, 724 (Tex. App.CHouston [14th Dist] 2001, pet. denied) (citing Com’rs Court v. Agan, 940 S.W.2d 77, 81 (Tex.
1997)). In this case, however, Vansteen’s motion for
partial summary judgment was filed almost a month after the trial court had
granted Hartford’s motion for summary judgment as to all of Vansteen’s
claims.[4]  The record contains no order granting leave
to file this motion late, so it was not properly before the trial court.  See Benchmark Bank v. Crowder, 919 S.W.2d
657, 663 (Tex. 1996).  Because the trial
court did not rule on the cross-motion prior to entry of final judgment, there
is nothing for this court to review.  Tex. R. App. P. 33.1.  Accordingly, appellant’s second point of
error is overruled.








Motion to Dismiss and for Sanctions

Finally, Hartford moved to dismiss the appeal and requested
sanctions based upon the absence from the record of Vansteen’s
motion for partial summary judgment.  The
record, however, has been supplemented with that motion.  Accordingly, the issue is moot.

We reverse and remand to the trial court for proceedings consistent
with this opinion.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed October 24, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Publish C Tex.
R. App. P. 47.3(b).











[1]  A request for
such severance does not appear in the record.





[2]    At the
hearing held August 6, 2001, in an effort to establish the procedural posture
of the various claims, the trial court declared:

THE
COURT: The Court’s [May 21, 2001]
ruling . . .  should have been
interlocutory.  And even though it said
all relief not expressly granted is denied . . . there had been a counterclaim
filed.  Is that correct?

COUNSEL
FOR HARTFORD:  Yes, ma’am.

THE
COURT: Against Mr. Feldman.

COUNSEL
FOR HARTFORD: Feldman.

THE
COURT:  So . . . even though I called it order and
final judgment, it was an interlocutory judgment for the reason that it failed
to address all the parties to the case. 
So that was not a final judgment. 
Right.

COUNSEL
FOR HARTFORD:  Right

THE
COURT:  Okay. 
So it is an interlocutory order; so, therefore, we’re here today and we
can consider it and write as we should. 
So if C if the movants to the summary judgment that was
granted was to have an order that clarifies that ruling, y’all prepare it; or
if the respondents wish to have an order that clarifies that, it’s
interlocutory.

. . . . 

THE
COURT: . . . I’m not going to grant
plaintiff’s motion for partial summary judgment.  I could always say denied but I=m not sure that does anything.  And just procedurally maybe I still could
because the prior summary judgment had been interlocutory.

Thereafter, the trial court instructed counsel for the
parties to draft the appropriate order, whereupon the following colloquy
occurred:

COUNSEL
FOR VANSTEEN:  Just so I know I=ve had my last before I get out of here, my
understanding hopefully once we do sever, all of this, that whole record B

THE
COURT:  That becomes final.

 





[3]  The record
reflects Hartford lodged numerous objections to the admission of Vansteen’s evidence, but neglected to obtain any rulings
from the trial court.  Accordingly, its
objections are waived.  Rogers v.
Continental Airlines, Inc., 41 S.W.3d 196, 200 (Tex. App.CHouston [14th Dist.] 2001, no pet. h.) (noting that,
following waiver, “the proof remains a part of the summary judgment record”).





[4]  The November
8, 2001 order expressly provides, Vansteen’s motion
for partial summary judgment was only “considered as part of their Response to
[Hartford’s] Motion for Summary judgment” that had been granted over five
months earlier.  The trial court
explained its reasoning at the August 6, 2001 hearing:

It seems to me that the plaintiff’s motion for summary judgment here
today the Court is going to accept as the plaintiff=s legal authorities in support of its motion for new
trial on the defendant’s motion for summary judgment, because these are all
grounds that are subsumed in and ruled against in granting defendant=s summary judgment. 
So, therefore, by denying the motion for new trial to set aside the defendant’s
summary judgment, the Court is ruling that the plaintiff’s C call it plaintiff’s motion for partial summary
judgment probably because I’ve already ruled on the issues that can=t really be that, but it would be the legal brief as
to why the Court should not have granted the defendant=s motion for summary judgment that the Court did
grant.  And I think that is proper.  But I accept it as the plaintiff’s position
as to why the law is such that the defendant’s motion for summary judgment
should not have been granted, which still stands granted. And we will sever it.