VANSTEEN MARINE SUPPLY, INC., Kopcke International, U.S.A. Incorporated, Curtis L. Cronkhite, and Ron Fausett, Appellants,

v.

TWIN CITY FIRE INSURANCE COMPANY and Hartford Fire Insurance Company, Appellees.

No. 14–01–00901–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 24, 2002.

Rehearing Overruled Dec. 5, 2002.

Pete T. Patterson, Houston, for appellants.

Curry L. Cooksey, Houston, Martha R. Campbell, Beaumont, for appellees.

Panel consists of Chief Justice BRISTER and Justices HUDSON and FOWLER.

## OPINION

J. HARVEY HUDSON, Justice.

This appeal arises from a dispute over responsibility for the payment of certain legal fees. Vansteen Marine Supply, Incorporated, Kopcke International, U.S.A. Incorporated, Curtis L. Cronkhite, and Ron Fausett (collectively, "Vansteen"), appeal from the trial court's order denying their motion for partial summary judgment and granting the motion for summary judgment of Twin City Fire Insurance Company and Hartford Fire Insurance Company (collectively, "Hartford"). We reverse and remand.

### Factual and Procedural Background

Vansteen, following trial of another action in July 1999 (the *Skarbovik* litigation), sought recoupment of its attorney fees from Hartford, its insurer under two policies. Hartford, asserting the attorneys' fees sought were incurred only in pursuing affirmative counterclaims and were thus not covered by the policies, refused payment. On October 21, 1999, this suit ensued.

Hartford, after counterclaiming for attorney fees already paid, joined Vansteen's counsel in the *Skarbovik* litigation, Stewart A. Feldman and Stewart A. Feldman & Associates, L.L.P. (collectively, "Feldman"), as third party defendants. Thereafter, on January 22, 2001, Hartford moved for summary judgment against Vansteen on the ground "that an insured cannot recover from an insurer for attorney's fees and expenses incurred by it in defense of suit against it in an absence of showing that those items have actually been paid." Consequently, as "Plaintiffs have not actually paid the fees and expenses for which it seeks to recover, they do not have a justiciable cause of action and they lack standing to bring suit." In support of this position, Hartford cited only *Travelers Ins. Co. v. Reed Co.*, 135 S.W.2d 611, 615 (Tex.Civ.App.-Beaumont 1939, writ dism'd judgm't. cor.). On February 5, 2001, Vansteen responded to the motion for summary judgment by averring that Hartford's position was without support in Texas or, indeed, any other State. Four days later, Hartford replied to this response by restating its argument that Vansteen lacked standing for failure to incur the fees and expenses it sought to recover, and complaining that the only actual justiciable claims were between it and Feldman.

Thereafter, on March 23, 2001, Hartford filed a supplemental motion for summary judgment, wherein it asserted the cause was not ripe for determination as "[Vansteen] ha[d] not actually paid the fees and expenses," and thus its claim for damages was not sufficiently developed. Vansteen responded on April 23, 2001, by again noting the absence of support for Hartford's position. On May 2, 2001, in a brief reply to this response, Hartford returned to the

argument that Vansteen lacked standing to pursue its claim.

On May 21, 2001, the trial court signed a purported "Order and Final Judgment" dismissing all claims against Hartford and granting its supplemental motion for summary judgment. Subsequently, on June 19, 2001, Vansteen separately filed a motion for new trial and motion for reconsideration, and a motion for partial summary judgment. In the latter, Vansteen asserted: (1) Hartford had failed to give proper notice, and thus could not retroactively withdraw its defense; (2) Hartford's duty to defend included responsibility for the costs of pursuing counterclaims that diminished and limited the ability of the plaintiffs in the *Skarbovik* litigation to recover from Vansteen; (3) Hartford's obligation to defend continued until the covered claims at issue in the *Skarbovik* litigation were finally resolved, and this obligation included liability for the costs of pursuing counterclaims; (4) as Hartford ceased, and then renewed, its defense of Vansteen, it was required to reserve its rights anew, and, by failing to do so, Hartford became unable to withdraw its defense; and (5) Hartford was estopped from denying liability for the fees incurred before its posttrial notice to Vansteen that such attorneys' fees would not be paid.

Following supplementation by Vansteen with purported evidence of fees owed Feldman, Hartford responded to the motion for new trial and motion of reconsideration. Thereafter, on July 11, 2001, Vansteen filed (1) a restatement of and supplement to its motion for new trial and motion for reconsideration, and (2) a supplement to its motion for partial summary judgment. Subsequently, Hartford filed a response to Vansteen's supplement to its motion for new trial.

A hearing was held on these various motions on August 6, 2001. The trial court, having been erroneously assured that Hartford moved for summary judgment "on the basis of their reservation-of-rights letter and that the attorney's fees that were the subject matter of this lawsuit were fees not generated as a result of the defense of any other claim," confirmed its May 21, 2001, grant of summary judgment in favor of Hartford. Finally, on November 8, 2001, the trial court signed an order that severed the claims of Hartford against Feldman,[1] considered Vansteen's motion for partial summary judgment as part of its response to Hartford's motion for summary judgment, and denied Vansteen's motion for new trial and motion for reconsideration. This appeal ensued.

## A Final Order

"[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex.2001); *see also Youngblood & Assoc., P.L.L.C. v. Duhon,* 57 S.W.3d 63, 65 (Tex.App.-Houston [14th Dist.] 2001, no pet.). An order that does not dispose of all issues and parties is interlocutory and is not appealable absent a severance. *Id.* (citing *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.1993), *overruled on other grounds, Lehmann,* 39 S.W.3d at 204). An appellate court may review the record to determine whether an order disposes of all claims and parties. *Lehmann,* 39 S.W.3d at 205–06 ("The record may help illumine whether an order is made final by its own language, so that an order that all parties appear to have treated as final may be final despite some vagueness in the order itself . . .").

1. A request for such severance does not appear in the record.

■ Here, order appealed from severed Hartford's claims against Feldman, ordered Vansteen's motion for partial summary judgment "be considered as part of their Response to the Motion for Summary Judgment" of Hartford, and denied Vansteen's motion for new trial and motion for reconsideration. Thus, when coupled with the May 21, 2001 order granting Hartford's motion for summary judgment, the November 8, 2001 order disposes of all extant claims. Further, the trial court orally expressed its intent that the November 8, 2001 order be final for purposes of appeal.[2] Accordingly, we conclude the trial court disposed of all claims, rendering its judgment final and appealable.

## Unpaid Attorneys' Fees

■ In its first point of error, Vansteen complains the trial court erred in granting summary judgment for Hartford. Specifically, Vansteen asserts it may sue Hartford for attorneys' fees owed, but not yet paid, to Feldman for its representation of Vansteen in the *Skarbovik* litigation, and that the cause is ripe for determination. We agree.

Before supplementation of Hartford's motion for summary judgment, it relied only upon *Travelers Insurance Company* for the proposition that "an insured cannot recover from an insurer for attorney's fees and expenses incurred by it in defense of suit against it in an absence of showing that those items have actually been paid." We decline, however, to follow that opinion's isolated preference for physical payment. Rather, "it [i]s not necessary that [an attorney's] fee be paid to enable [an insured] to recover, but when he establishe[s] that he [i]s obligated to pay, and that the fee is reasonable ... his cause of action accrue[s]." *Royal Indem. Co. v. Schwartz*, 172 S.W. 581, 584 (Tex.Civ.App.-El Paso 1914, writ dism'd w.o.j.); *see also Oliver B. Cannon and Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F.Supp. 668, 675–76 (D.C.Del.1981) (recognizing that an insured is not precluded from maintaining "an action in its own name to recover its unpaid attorney's fees merely because, by the workings of an independent agreement between [insured] and [attorney], [the insured] may be relieved of all or part of its obligation to pay those fees"); *Colpan Realty Corp. v. Great Am. Ins. Co.*, 83

2. At the hearing held August 6, 2001, in an effort to establish the procedural posture of the various claims, the trial court declared:

> THE COURT: The Court's [May 21, 2001] ruling ... should have been interlocutory. And even though it said all relief not expressly granted is denied ... there had been a counterclaim filed. Is that correct?
> COUNSEL FOR HARTFORD: Yes, ma'am.
> THE COURT: Against Mr. Feldman.
> COUNSEL FOR HARTFORD: Feldman.
> THE COURT: So ... even though I called it order and final judgment, it was an interlocutory judgment for the reason that it failed to address all the parties to the case. So that was not a final judgment. Right.
> COUNSEL FOR HARTFORD: Right
> THE COURT: Okay. So it is an interlocutory order; so, therefore, we're here today and we can consider it and write as we should. So if—if the movants to the sum-

mary judgment that was granted was to have an order that clarifies that ruling, y'all prepare it; or if the respondents wish to have an order that clarifies that, it's interlocutory.

> . . . .
> THE COURT: ... I'm not going to grant plaintiff's motion for partial summary judgment. I could always say denied but I'm not sure that does anything. And just procedurally maybe I still could because the prior summary judgment had been interlocutory.

Thereafter, the trial court instructed counsel for the parties to draft the appropriate order, whereupon the following colloquy occurred:

> COUNSEL FOR VANSTEEN: Just so I know I've had my last before I get out of here, my understanding hopefully once we do sever, all of this, that whole record—
> THE COURT: That becomes final.

Misc.2d 730, 373 N.Y.S.2d 802, 805 (N.Y.Sup.Ct.1975) ("If defendant is in fact obligated to pay for legal expenses involved it must pick up the tab whether plaintiff paid it or not. There is no logical reason to require plaintiff to advance money it is not obligated to pay as a condition to obtaining payment from the party responsible for the obligation in the first place."); cf. *Jamar v. Patterson*, 910 S.W.2d 118, 123–24 (Tex.App.-Houston [14th Dist.] 1995, writ denied) (holding that an award for medical expenses is proper when the expenses have been incurred, but not paid); *O'Connell v. O'Connell*, 843 S.W.2d 212, 220 (Tex.App.-Texarkana 1992, no writ) (holding in an appeal from a post-answer default judgment that third prong of *Craddock* test required appellant to offer to reimburse appellee for legal expenses he incurred in obtaining default judgment, even though most of the fees incurred had not been paid).

Similarly, we decline Hartford's invitation to find, based upon the purported absence of a binding obligation to Feldman, that Vansteen's claims are insufficiently ripe for adjudication. Evidence attached to Vansteen's motion for new trial and motion for reconsideration, submitted and considered with its motion for partial summary judgment, provided some evidence of its incurring at least $73,000 in attorney fees in the *Skarbovik* litigation. As discussed more fully below, the trial court considered Vansteen's evidence when reconsidering Hartford's motion for summary judgment. *See K–Six Television, Inc. v. Santiago*, 75 S.W.3d 91, 96 (Tex. App.-San Antonio 2002, no pet., mandamus denied) (holding permission to file a late response may be reflected in trial court's

recital). Such evidence was sufficient to present a justiciable controversy as to whether Hartford was liable in that amount. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex.2000) (recognizing that a case is ripe for determination if injury has occurred or is likely to occur; the threat of harm must be direct and immediate rather than conjectural, hypothetical, or remote).[3]

■ In its brief, Hartford urges the trial judge was correct in the basis she stated for her ruling. But that statement was based on a misrepresentation by Hartford's counsel regarding the grounds for summary judgment contained in its motion. We cannot affirm summary judgment on a basis not stated in Hartford's motion. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex. 1993). Vansteen's first point of error is sustained.

## Partial Summary Judgment

In its second point of error, Vansteen avers the trial court erred in denying its motion for partial summary judgment as to Hartford's obligation to pay for the entire defense of the *Skarbovik* litigation. We need not reach the merits of this contention.

■ When parties have filed competing motions for summary judgment, and the trial court grants one motion and denies the other, we may consider the propriety of the denial as well as the grant. *Gramercy Ins. Co. v. MRD Inv., Inc.*, 47 S.W.3d 721, 724 (Tex.App.-Houston [14th Dist] 2001, pet. denied) (citing *Com'rs Court v. Agan*, 940 S.W.2d 77, 81 (Tex.

---

**3.** The record reflects Hartford lodged numerous objections to the admission of Vansteen's evidence, but neglected to obtain any rulings from the trial court. Accordingly, its objections are waived. *Rogers v. Continental Airlines, Inc.*, 41 S.W.3d 196, 200 (Tex.App.-Houston [14th Dist.] 2001, no pet. h.) (noting that, following waiver, "the proof remains a part of the summary judgment record").

1997)). In this case, however, Vansteen's motion for partial summary judgment was filed almost a month after the trial court had granted Hartford's motion for summary judgment as to all of Vansteen's claims.[4] The record contains no order granting leave to file this motion late, so it was not properly before the trial court. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex.1996). Because the trial court did not rule on the cross-motion prior to entry of final judgment, there is nothing for this court to review. TEX. R.APP. P. 33.1. Accordingly, appellant's second point of error is overruled.

### Motion to Dismiss and for Sanctions

Finally, Hartford moved to dismiss the appeal and requested sanctions based upon the absence from the record of Vansteen's motion for partial summary judgment. The record, however, has been supplemented with that motion. Accordingly, the issue is moot.

We reverse and remand to the trial court for proceedings consistent with this opinion.

---

4. The November 8, 2001 order expressly provides, Vansteen's motion for partial summary judgment was only "considered as part of their *Response to* [Hartford's] Motion for Summary judgment" that had been granted over five months earlier. The trial court explained its reasoning at the August 6, 2001 hearing:

It seems to me that the plaintiff's motion for summary judgment here today the Court is going to accept as the plaintiff's legal authorities in support of its motion for new trial on the defendant's motion for summary judgment, because these are all grounds that are subsumed in and ruled against in granting defendant's summary judgment. So, therefore, by denying the motion for new trial to set aside the defendant's summary judgment, the Court is ruling that the plaintiff's—call it plaintiff's motion for partial summary judgment probably because I've already ruled on the issues that can't really be that, but it would be the legal brief as to why the Court should not have granted the defendant's motion for summary judgment that the Court did grant. And I think that is proper. But I accept it as the plaintiff's position as to why the law is such that the defendant's motion for summary judgment should not have been granted, which still stands granted. And we will sever it.