John Margetis, John Margetis d/b.a Christian Soldiers, Louis A. Margetis and Louis Margetis d/b/a Adelphia Custom Homes v. Shailesh R. Parikh and Sandhya S. Parikh

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-051-CV

JOHN MARGETIS, JOHN MARGETIS APPELLANTS

D/B/A CHRISTIAN SOLDIERS, 

LOUIS A. MARGETIS, AND 

LOUIS A. MARGETIS D/B/A 

ADELPHIA CUSTOM HOMES 

V.

SHAILESH R. PARIKH AND APPELLEES

SANDHYA S. PARIKH

------------

FROM THE 236
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants attempt to appeal from the entry of a default judgment against them.  
We dismiss the appeal for want of jurisdiction.

Appellees, who are defendants in a suit involving the sale of a home, sued appellants as third-party defendants to the original lawsuit.  Appellants did not appear in court or file answers to the third-party petition.  On January 15, 2004, the trial court entered a default judgment against appellants in the third-party action.  The trial court did not sever the default judgment against appellants from the original suit, which is still pending against appellees in the trial court.  Appellants now attempt to appeal the default judgment.

Generally, appellate jurisdiction exists only in cases in which a final judgment has been rendered.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.012 (Vernon 1997).
(footnote: 2)  A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree.  
Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272 (Tex. 1992) (orig.
 
proceeding); 
Houston Health Clubs, Inc. v. First Court of Appeals
, 722 S.W.2d 692, 693 (Tex. 1986) (orig. proceeding). 
 
An order that does not dispose of all issues and parties is interlocutory and is not appealable absent a severance.  
Youngblood & Assocs., P.L.L.C. v. Duhon
, 57 S.W.3d 63, 65 (Tex. App.—Houston [14
th
 Dist.] 2001, no pet.) (citing 
Mafrige v. Ross
, 866 S.W.2d 590, 591 (Tex. 1993), 
overruled on other grounds
, 
Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 204 (Tex. 2001)).  

In this case, the order entering the default judgment against appellants is not a final judgment 
because it relates to the third-party action only; the underlying claims against appellees are still pending in the trial court.  In addition, 
there is no statute authorizing interlocutory appellate review of the order.
  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: April 22, 2004

FOOTNOTES
1: 
See 
Tex. R. App. P.
 47.4.

2: 
In addition, the Texas Legislature has authorized the appeal of several types of interlocutory orders, none of which are at issue here.  
See, e.g.
, 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014 (Vernon Supp. 2004).