COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-051-CV
  
   
JOHN 
MARGETIS, JOHN MARGETIS                                      APPELLANTS
D/B/A 
CHRISTIAN SOLDIERS,
LOUIS 
A. MARGETIS, AND
LOUIS 
A. MARGETIS D/B/A
ADELPHIA 
CUSTOM HOMES
 
V.
 
SHAILESH 
R. PARIKH AND                                                      APPELLEES
SANDHYA 
S. PARIKH
   
------------
 
FROM 
THE 236TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellants 
attempt to appeal from the entry of a default judgment against them.  We 
dismiss the appeal for want of jurisdiction.
        Appellees, 
who are defendants in a suit involving the sale of a home, sued appellants as 
third-party defendants to the original lawsuit.  Appellants did not appear 
in court or file answers to the third-party petition.  On January 15, 2004, 
the trial court entered a default judgment against appellants in the third-party 
action.  The trial court did not sever the default judgment against 
appellants from the original suit, which is still pending against appellees in 
the trial court.  Appellants now attempt to appeal the default judgment.
        Generally, 
appellate jurisdiction exists only in cases in which a final judgment has been 
rendered. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 
(Vernon 1997).[2]  A judgment is final for 
purposes of appeal if it disposes of all pending parties and claims in the 
record, except as necessary to carry out the decree.  Jack B. Anglin Co. 
v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding); Houston 
Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 
1986) (orig. proceeding).  An order that does not dispose of all issues and 
parties is interlocutory and is not appealable absent a severance.  Youngblood 
& Assocs., P.L.L.C. v. Duhon, 57 S.W.3d 63, 65 (Tex. App.—Houston [14th 
Dist.] 2001, no pet.) (citing Mafrige v. Ross, 866 S.W.2d 590, 591 (Tex. 
1993), overruled on other grounds, Lehmann v. Har-Con Corp., 39 
S.W.3d 191, 204 (Tex. 2001)).
        In 
this case, the order entering the default judgment against appellants is not a 
final judgment because it relates to the third-party action only; the underlying 
claims against appellees are still pending in the trial court.  In 
addition, there is no statute authorizing interlocutory appellate review of the 
order.  Accordingly, we dismiss the appeal for want of jurisdiction.
  
  
                                                                  PER 
CURIAM
 
  
PANEL 
D:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DELIVERED: 
April 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In addition, the Texas Legislature has authorized the appeal of several types of 
interlocutory orders, none of which are at issue here.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014 
(Vernon Supp. 2004).