**Abatement Order filed June 25, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00518-CV

### PIROCHEM INTERNATIONAL, L.L.C., Appellant

### V.

### XELLIA PHARMACEUTICALS APS, F/K/A AXELLIA PHARMACEUTICALS, APS, Appellee

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2013-36994**

## A B A T E M E N T   O R D E R

This is an appeal from a judgment signed March 25, 2014. It appears from the record that the judgment may not be final. Although the judgment states that it is "final and appealable," the trial court struck through the award of attorney's fees and added the handwritten note, "No evidence of attorney's fees was submitted." Accordingly, the trial court denied appellee summary judgment relief on attorney's fees, but it is unclear whether the trial court intended to adjudicate the claim for

attorney's fees. *See Wasserberg v. RES-TX One, LLC*, No. 14-13-00674-CV, 2014 WL 6922545, at \*4 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, pet. filed) (mem. op.) (by striking the award of attorney's fees, the trial court "neither granted nor denied an award of fees," merely denied summary judgment relief, and did not adjudicate the claim for attorney's fees); *see also Youngblood & Assocs, P.L.L.C. v. Duhon*, 57 S.W.3d 63 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (judgment not final even though it was labeled "final summary judgment," included a Mother Hubbard clause, and awarded pre- and post-judgment interest, because the plaintiff moved on its claim for attorney's fees and the judgment contained no award of attorney's fees).

The Texas Supreme Court has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so that (1) the trial court may clarify whether the summary judgment finally disposed of all claims and parties and (2) the parties may obtain an order disposing of the claim against appellant, if necessary. A supplemental clerk's record containing the trial court's clarifying order(s) shall be filed with the clerk of this court on or before thirty days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the

supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.