COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Rucker Law Firm, P.L.L.C. and Hamilton Rucker v. Jan
                          Woodard Fox, P.L.C., Jan Woodard Fox, Dennis C.
                          Reich and Reich & Binstock, LLP

Appellate case number:    01-17-00435-CV

Trial court case number:  2015-44662

Trial court:              164th District Court of Harris County

This is an appeal from orders signed May 16, 2017 and July 31, 2017. It appears from the record that the orders are not final because they do not dispose of all claims. *See Youngblood & Associates, P.L.L.C. v. Duhon*, 57 S.W.3d 63, 65 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding failure to rule on claims for attorneys' fees prevented order from being final).

The Supreme Court of Texas has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it may abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

TEX. R. APP. P. 27.2.

Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so that the trial court may clarify whether the summary judgment orders are final, and to permit the parties to obtain an order or orders disposing of the counterclaims against the Rucker Law Firm, P.L.L.C. and Hamilton Rucker. A supplemental clerk's

record containing the trial court's clarifying order or orders shall be filed with the clerk of this court on or before December 7, 2017.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.


Judge's signature: /s/ Sherry Radack
⊠ Acting individually ☐ Acting for the Court


Date: November 7, 2017