**Dismissed and Memorandum Opinion filed January 17, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-01015-CV

---

## LOVE & JOY SERVICES, LLC, AND LOVERS ESTATE, LLC, Appellants

### V.

## UNITY NATIONAL BANK, JC WORRELL'S INSURANCE AGENCY A/K/A J. CEASER'S FARMERS INSURANCE AGENCY, JOSE RODRIGUEZ D/B/A A&A CONSTRUCTION MANAGEMENT CORP., AND WATERSTONE LSP, LLC, Appellees

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2016-79109**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed October 19, 2018. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending claims and parties, the orders remain interlocutory and unappealable until final judgment is

rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

On December 10, 2018, the court notified the parties of its intention to dismiss the appeal for want of jurisdiction unless on or before December 20, 2018, appellants filed a response demonstrating grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). In response appellants argue the order is a final summary judgment because the title of the order reflects it is a final summary judgment. The order appellants attempt to appeal is titled "Order Granting Defendant Waterstone LSP, LLC's Amended Traditional and No-Evidence Motions for Final Summary Judgment." The order is interlocutory as it does not dispose of the claims against the remaining parties, Unity National Bank, Worrell's Insurance Agency a/k/a J. Ceaser's Farmers Insurance Agency, and Jose Rodriguez d/b/a A&A Construction Management Corp. It appears the reference to final summary judgment is a description of the relief sought in the motions filed by Waterstone.

We must determine whether the summary-judgment order is final based on a review of the order itself. *See Youngblood & Assocs., P.L.L.C. v. Duhon*, 57 S.W.3d 63, 65 (Tex. App.–Houston [14th Dist.] 2001, no pet.). An order is final only if it disposes of every pending claim and party or it states with unmistakable clarity that it is final. *See Lehmann*, 39 S.W.3d192, 200. Labeling a judgment "final judgment" does not make the judgment final. *Youngblood*, 57 S.W.3d at 65. The content of the judgment, not its label, governs the finality determination. *Equip. Performance Mgmt., Inc. v. Baker Hughes, Inc.*, 14-15-01000-CV, 2017 WL 1540805, at *3 (Tex. App.—Houston [14th Dist.] Apr. 27, 2017, no pet.) (mem. op.). The content of the summary judgment order reflects that it is interlocutory.

Appellants further argue that appellees filed a motion for severance, which, if granted, would make the summary-judgment order final. One of the parties who filed

the motion for severance, Unity Bank, has noted that the trial court has not granted the motion or signed an order of severance.

Appellants' response fails to demonstrate that this court has jurisdiction over the appeal. We dismiss the appeal for lack of jurisdiction.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.