**DISMISS and Opinion Filed April 24, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00357-CV

**MARY MELINDA PALACIO AKA MELINDA PALACIO DEPENDENT EXECUTRIX FOR THE ESTATE OF LUICIO A. PALACIO, DECEASED, Appellant**
**V.**
**PAUL PALACIO AND MARY ANN PALACIO, Appellees**

**On Appeal from the Probate Court No 2**
**Bexar County, Texas**
**Trial Court Cause No. 2016-PC-2950**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

Because there is no appealable judgment in this case, we dismiss this appeal for lack of appellate jurisdiction.

A few months before his death, Lucio Palacio[1] allegedly signed a bank form adding appellees to a checking account as joint owners and making the account a joint account with right of survivorship. After Palacio died, his estate's executrix (appellant) sued appellees and asserted, among other things, that Palacio lacked capacity to execute the form.

---

[1] Although Palacio's first name is spelled "Luicio" in appellant's trial-court pleadings' style, and thus in our style, the record otherwise consistently shows that his first name was "Lucio."

Appellees counterclaimed for declaratory judgment and attorneys' fees. They filed a traditional summary judgment motion seeking judgment on the entire case and a separate no-evidence summary judgment seeking judgment on appellant's claims. The trial judge granted the motions by separate orders. However, in the order granting the traditional motion the trial judge struck out the provisions addressing appellees' attorneys' fees. Although the order contains a Mother Hubbard clause, it does not purport to rule on appellees' fee claims. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 203–04 (Tex. 2001) (defining "Mother Hubbard clause" and holding that such a clause does not suffice to make a summary judgment final). Appellant then brought this appeal.

We notified the parties that the record did not appear to contain a final, appealable judgment, and we invited them to submit jurisdictional letter briefs within ten days. No letter briefs were filed.

Generally, appeals may be taken only from final judgments. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Probate cases are an exception to this rule. *Id.* In such cases, multiple judgments that are final for appellate purposes can be rendered on certain discrete issues. *Id.* An interlocutory order on a discrete issue is appealable if either (i) a statute expressly declares that the particular phase of the proceeding is final and appealable or (ii) the order disposes of all parties or issues for which the particular phase of the proceeding was brought. *Id.*; *In re Barrera*, No. 05-17-00774-CV, 2017 WL 3614145, at *1 (Tex. App.—Dallas Aug. 23, 2017, no pet.) (mem. op.).

We have found no statute on point. And because appellees' claims for attorneys' fees remain pending, the summary judgment orders do not dispose of all parties and issues in this phase of the probate case. Thus, there is no appealable order. *See Youngblood & Assocs., P.L.L.C. v.*

*Duhon*, 57 S.W.3d 63, 65–66 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (lingering claim for attorney's fees prevented summary judgment from being final and appealable).

    We dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a), (c).


                    /Bill Whitehill/
                    BILL WHITEHILL
                    JUSTICE


180357F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MARY MELINDA PALACIO AKA
MELINDA PALACIO DEPENDENT
EXECUTRIX FOR THE ESTATE OF
LUICIO A. PALACIO, DECEASED,
Appellant

No. 05-18-00357-CV      V.

PAUL PALACIO AND MARY ANN
PALACIO, Appellees

On Appeal from the Probate Court No 2,
Bexar County, Texas
Trial Court Cause No. 2016-PC-2950.
Opinion delivered by Justice Whitehill.
Justices Partida-Kipness and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees Paul Palacio and Mary Ann Palacio recover their costs of this appeal from appellant Mary Melinda Palacio AKA Melinda Palacio Dependent Executrix for the Estate of Luicio A. Palacio, Deceased.

Judgment entered April 24, 2019.