

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00238-CV

_____

DAPHNE KANAS, Appellant

V.

CARLOS GARCIA, INDIVIDUALLY AND AS AN EMPLOYEE/CONTRACTOR
OF SUPERIOR HOME REAL ESTATE INSPECTIONS, Appellee

_____

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2022589

_____

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Daphne Kanas attempts to appeal from the trial court's April 22, 2025 "Order Denying Plaintiff's Emergency Motion to Reconsider Dismissal as to Defendant Carlos Garcia." On May 28, 2025, we notified the parties of our concern that we may not have jurisdiction over this appeal because the trial court's order does not appear to be a final judgment or an appealable interlocutory order. We informed them that unless any party desiring to continue the appeal filed a response with the court on or before June 9, 2025, showing grounds for continuing the appeal, we might dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Kanas responded on July 9, arguing that—through two separate orders—the trial court dismissed all of her claims against Garcia on April 10, 2025, and Derrick Walls and Superior Home Real Estate Inspections, LLC on May 16, 2025. In addition, she asserts that the trial court denied separate motions to reconsider both orders. She argues that these combined rulings "constitute final judgments as to these parties."

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (delineating interlocutory orders from which a party may appeal). Unless a statutory exception applies, an order that does not dispose of all pending parties and claims remains

2

interlocutory and unappealable until the trial court signs a final judgment. *See Lehmann*, 39 S.W.3d at 195; *Harrison v. State Farm Mut. Auto. Ins. Co.*, No. 02-19-00437-CV, 2020 WL 98133, at \*1 (Tex. App.—Fort Worth Jan. 9, 2020, no pet.) (mem. op.).

Here, the trial court signed an "Order on . . . Garcia's Rule 91a Motion for Partial Dismissal," dismissing Kanas's claims against Garcia, and it later denied Kanas's emergency motion to reconsider that partial-dismissal order. But the trial court's partial-dismissal and reconsideration orders are not final and appealable because they do not dispose of Garcia's Rule 91a attorneys' fees claim[1] or Kanas's pending claims against the other defendants—Michael Mitchell, individually; Jennifer Mitchell, individually; Superior Home Real Estate Inspections, LLC; Derrick Walls, individually and as owner of Superior Real Estate Inspections;[2] and Anywhere Real

---

[1]The partial-dismissal order states that Garcia "is entitled to recover his reasonable attorneys' fees and costs in an amount to later be determined," but the record contains no such determination. *See* Tex. R. Civ. P. 91a.7; *Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (concluding that summary-judgment order that did not expressly mention attorneys' fees was not final and appealable because order did not dispose of parties' competing claims for attorneys' fees); *Youngblood & Assocs., P.L.L.C. v. Duhon*, 57 S.W.3d 63, 65 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding failure to rule on claims for attorney's fees prevented order from being final).

[2]Similar to the partial-dismissal order as to Garcia, the May 16, 2025 "Order on Derrick Walls and Superior Home Real Estate Inspections' Rule 91a Motion for Partial Dismissal" also specifically states that these parties are "entitled to recover their reasonable attorneys' fees and costs in an amount to later be determined," which has not yet occurred. *See* Tex. R. Civ. P. 91a.7; *Farm Bureau Cnty. Mut. Ins. Co.*, 455 S.W.3d at 163; *Youngblood & Assocs., P.L.L.C.*, 57 S.W.3d at 65. Kanas cannot appeal either partial-dismissal order until each's respective attorneys' fees request is resolved. Once resolved, Kanas could then potentially appeal in two scenarios: (1) upon a

Estate Inc. Because no statutory exception applies to allow for an interlocutory appeal in this case, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 17, 2025

---

further order resolving the requested attorney's fees that is made final through a severance, or (2) after a final judgment is signed resolving all of Kanas's claims against all parties and all attorneys' fees requests in the underlying lawsuit. *See, e.g., Kanas v. Smith-Ward*, No. 02-24-00394-CV, 2025 WL 1478173, at *6–7 (Tex. App.—Fort Worth May 22, 2025, no pet. h.) (mem. op.) (explaining how an interlocutory order disposing of a party's claims against some but not all defendants may be made final through a severance). But at present—in the absence of either (1) a ruling on the requested attorneys' fees requests coupled with a severance order or (2) a final judgment disposing of all parties and claims—neither partial-dismissal order nor the orders denying reconsideration of the partial-dismissal orders can be appealed.