# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00550-CV
NO. 03-03-00551-CV
NO. 03-03-00553-CV

**City of Garland; Denton Municipal Electric, the Electric Department of the City of Denton, Texas, Appellants**

**&**

**City of San Antonio, Texas acting by and through the City Public Service Board of San Antonio, Appellants**

**&**

**City of Austin d/b/a Austin Energy, Appellants**

**v.**

**Public Utility Commission of Texas, Appellee**

## DIRECT APPEALS FROM THE PUBLIC UTILITY COMMISSION OF TEXAS

## O P I N I O N

In this case, we consider the Public Utility Commission's statutory responsibility to ensure "the confidentiality of competitively sensitive information" submitted by municipal utilities under section 39.155 of the utilities code and its relationship to the right of public power utilities' governing boards to except a "competitive matter" from public disclosure under the Texas Public

Information Act. *See* Tex. Gov't Code Ann. § 552.133 (West 2004) (TPIA); Tex. Util. Code Ann. § 39.155 (West Supp. 2004-05). The Commission adopted a rule, *see* 16 Tex. Admin. Code § 25.93 (2004) (rule 25.93), authorizing it to voluntarily release information submitted by a utility, despite a utility's claims of confidentiality, following a contested case hearing in which the Commission itself would determine the protected status of the information. *See id*. § 25.93(c)(2), (g)(3). In this direct appeal, appellants claim that subsections (c)(2) and (g)(3) of rule 25.93 exceed the Commission's statutory authority and conflict with government code section 552.133. We agree that rule 25.93 conflicts with the Commission's statutory duties under section 39.155 of the utility code in light of government code section 552.133. We reverse and remand.

## BACKGROUND

Finding that the production and sale of electricity is not a monopoly warranting traditional utilities regulation and that the public interest in competitive electric markets requires that electric services and their prices should be determined by customer choice and the normal forces of competition, the legislature amended the Public Utility Regulatory Act (PURA) in 1999 to initiate the transition of the retail electric industry in Texas to a fully competitive electric power industry. *See* Tex. Util. Code Ann. § 39.001(a) (West Supp. 2004-05). One of the foundational principles of this reform is that it is in the public interest "to protect the competitive process in a manner that ensures the confidentiality of competitively sensitive information." *Id*. § 39.001(b)(4). Accordingly, the legislature granted the Commission certain oversight powers over market structure, *id*. §§ 39.151-.158 (West Supp. 2004-05), including authority to monitor market power associated with the generation, transmission, distribution, and sale of electricity in Texas. *Id*. § 39.157. To assist

the Commission in its monitoring function, the legislature provided that each person or entity that

owns generation facilities and offers electricity for sale in Texas,

> shall report to the commission its installed generation capacity, the total amount of capacity available for sale to others, the total amount of capacity under contract to others, the total amount of capacity dedicated to its own use, its annual wholesale power sales in the state, its annual retail power sales in the state, and any other information necessary for the commission to assess market power or the development of a competitive retail market in the state.

*Id*. § 39.155(a). Consistent with its dual mandate to protect the competitive process while preserving

the confidentiality of competitively sensitive information, the legislature directed that the

Commission shall by rule detail the reporting requirements and "shall administer those reporting

requirements in a manner that ensures the confidentiality of competitively sensitive information."

*Id*.

In the same legislation, commonly known by its bill number, S.B. 7, the legislature

also amended the TPIA to create a new exception to disclosure for "public power utility competitive

matters." *See* Tex. Gov't Code Ann. §§ 552.133 (West 2004).[1] Under this provision, the governing

body of a public power utility may deem by resolution some utility-related information to be

"competitive matter." *Id*. § 552.133(b). Such information is "excepted" from the disclosure

requirements of the TPIA. *See id*. § 552.133(a)(3), (b). Upon a written request for this particular

kind of competitive matter, the Commission must ask for an opinion of the attorney general before

---

[1] *See* Act of May 27, 1999, 76th Leg., R.S., ch. 405, §§ 39, 46, 1999 Tex. Gen. Laws 2543, 2558, 2618; *see also* Act of May 22, 2001, 77th Leg., R.S., ch. 1420, § 21.001(52), 2001 Tex. Gen. Laws 4210, 4562 (renumbering government code provision from section 552.131 to section 552.133).

3

disclosing such information. *Id*. §§ 552.133(c), .301(a). The attorney general then may find the information subject to disclosure despite the decision of the utility's governing body, but only if he makes two findings: (1) that the public power utility governing body has failed to act in good faith in making the determination that the issue, matter, or activity in question is a competitive matter; or (2) that the information or records sought to be withheld are not reasonably related to a competitive matter. *Id*. § 552.133(c). Finally, the legislature categorized this information as an "exception" to the TPIA's disclosure requirements but also exempted it from the disclosure requirements of section 552.022. *Compare id*. *with id*. § 552.101 (West 2004).

Believing that "making certain market-related information available to the public in a timely manner is a necessary part of immunizing a well-tempered marketplace from the dangers of market power abuse," the Commission adopted rules under utilities code section 39.155(a) to effectuate "judicious disclosure" of utility wholesale transaction reports. *See* 28 Tex. Reg. 7687, 7692 (2003), *amended in part by* 29 Tex. Reg. 8991 (2004), *proposed* 29 Tex. Reg. 6191 (2004) (codified at 16 Tex. Admin. Code § 25.93 (2004)).[2] Rule 25.93 requires wholesale sellers of electricity to file Quarterly Wholesale Electricity Transaction Reports with the Commission regarding all wholesale electricity transactions with a point of delivery or point of receipt in Texas. 16 Tex. Admin. Code § 25.93(d)(1). Reports shall provide information on each wholesale electricity

---

[2] The Commission amended some sections of rule 25.93 during the pendency of this appeal. *See* 29 Tex. Reg. 8991 (2004), *proposed* 29 Tex. Reg. 6191 (2004). This appeal concerns only the validity of section 25.93(g)(3), which was not amended, and section 25.93(c)(2), which was. The City Public Service Board of San Antonio supported the amendment. *See* 29 Tex. Reg. 8991. No other appellant offered comment on it. *See id*. In this opinion, we will consider the rule as it existed before the 2004 amendments because no party has claimed that the amendments substantively altered the Commission's procedures in relation to the issues on appeal.

4

contract and information on each transaction of electricity from the reporting entity to another party. *Id*. § 25.93(d)(2). They must include information concerning all contracts in effect during the reporting period and contracts that will continue to be in effect past the end of the reporting period. *Id*. § 25.93(d)(2)(B). Contract information includes the name of purchaser, contract execution and termination dates, time period over which the contract is in effect, product type, price, and applicable information about where the power was generated, delivered, and received. *Id*. Transaction information includes the time period over which the transaction was conducted; applicable information about where the power was generated, delivered, and received; product name; transaction quantity; price; and total transaction charges. *Id*. § 25.93(d)(2)(C). Each transaction must be cross-referenced to a reported contract. *Id*.

Concerning the confidentiality of information supplied in the reports, the Commission permits utilities to submit two versions of their Quarterly Wholesale Electricity Transaction Reports, a full version for the Commission's use and a redacted version "that omits specific information for which the reporting entity asserts confidentiality." *Id*. § 25.93(g).[3] Commission staff are forbidden to release "protected information" except in accordance with the rule and the requirements of the TPIA. *Id*. Furthermore, the Commission defines "protected information" as "[i]nformation contained in a Quarterly Wholesale Electricity Transaction Report that comports with the requirements for exception for disclosure under the [TPIA]." *Id*. § 29.93(c)(2).[4]

---

[3] This requirement is now found in section 25.93(e)(2). *See* 29 Tex. Reg. 6191.

[4] Currently found at section 25.93(c)(3).

Subsection (g) sets forth procedures for obtaining disclosure of information claimed by reporting entities to be protected information. In general, where such information is requested from the Commission by third parties, the rule incorporates or references the TPIA's procedures. *Id*. § 25.93(g)(1), (2). However, subsection (g)(3) also authorizes the Commission to voluntarily release protected information even in the absence of a request for information. *Id*. § 25.93(g)(3). Before doing so, the Commission will determine the validity of the utility's asserted claim that information is protected through a contested-case proceeding. *Id*. The staff and the utility that provided the information to the Commission will have an opportunity to present information or comment at the hearing on whether the information is subject to protection from disclosure under the TPIA. *Id*. Before releasing information the Commission determines is subject to disclosure, the Commission will provide at least three days' notice to the utility. *Id*. § 25.93(g)(5).

Rule 25.93 is somewhat unclear regarding the relationship between its concepts of "information for which the reporting entity asserts confidentiality" and "protected information," although it appears to use the terms interchangeably. *Id*. § 25.93(g)(3). The rule explicitly links the concept of protected information to "the requirements for exemption from disclosure under the Texas Public Information Act." *Id*. § 25.93(c), (g). However, rule 25.93 does not explicitly address the relationship of any of these concepts to "competitively sensitive information," the operative term in utilities code section 39.155.

The Commission adopted rule 25.93 effective on September 8, 2003. *See* 28 Tex. Reg. 7687. This direct appeal followed. *See* Tex. Util. Code Ann. § 39.001(e) (West Supp. 2004).

6

**DISCUSSION**

The Cities[5] raise two issues on appeal challenging the rule 25.93 procedure[6] on the basis that it empowers the Commission to determine for itself whether to release information contained in the Cities' Quarterly Wholesale Electricity Transaction Reports that the Cities have designated as confidential or protected information. First, they argue that the rule 25.93 procedure lacks statutory authority. Second, they argue that the rule 25.93 procedure conflicts with the Cities' statutory power to designate "competitive matters" presumptively exempt from disclosure under the TPIA. *See* Tex. Gov't Code Ann. §§ 552.021, .133 (West 2004).

A state administrative agency only has those powers that the legislature expressly confers upon it or that are implied to carry out the express functions or duties given or imposed by statute. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 652 (Tex. 2004); *Public Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315-16 (Tex. 2001); *Public Util. Comm'n v. GTE-Southwest, Inc.*, 901 S.W.2d 401, 407 (Tex. 1995); *see also* Tex. Gov't Code Ann. § 2001.174(2)(A)-(B) (West 2000). An agency may not, however, exercise what is effectively a new power on the theory that such exercise is expedient for the agency's purposes. *GTE-Southwest, Inc.*, 901 S.W.2d at 407. "The determining factor . . . whether . . . a particular administrative agency has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the Act involved." *Railroad Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex.

---

[5] The appellants in these cases are cities who own and operate municipal electric utilities and and municipal electric utility companies. For ease of reference, we will refer to them as "the Cities."

[6] Because the Cities challenge only the procedure permitted by subsections (c)(2) and (g)(3) of the rule, for ease of reference we will refer to it as the "rule 25.93 procedure."

1992) (quoting *Gerst v. Oak Cliff Savings & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968)). In a facial challenge to a rule, we do not consider the merits of the Commission's rule on a case-by-case basis. *See Gulf Coast Coalition of Cities v. Public Util. Comm'n*, 2005 Tex. App. LEXIS 2180, at *13 (Tex. App.—Austin 2005, no pet. h.). Rather, we consider whether the rule: (1) contravenes specific statutory language; (2) runs counter to the general objectives of the statute; or (3) imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions. *State v. Public Util. Comm'n*, 131 S.W.3d 314, 321 (Tex. App.—Austin 2004, pet. denied). We recognize that the legislature intends an agency created to centralize expertise in a certain regulatory area "be given a large degree of latitude in the methods it uses to accomplish its regulatory function." *Texas Mun. Power Agency*, 150 S.W.3d at 586. Because an agency may not grant itself a power in contradiction of its legislative mandate, the fact it may interpret a rule narrowly will not overcome a validity challenge. *See Reliant Energy v. Public Util. Comm'n*, 101 S.W.3d 129, 145 (Tex. App.—Austin 2003), *reversed on other grounds by Centerpoint Energy, Inc. v. Public Util. Comm'n*, 143 S.W.3d 81 (Tex. 2004).

Statutory construction is a question of law we review *de novo*. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). When interpreting a statutory provision, we must ascertain and effectuate legislative intent. *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004). In ascertaining legislative intent, we may consider the evil sought to be remedied, the legislative history, and the consequences of a particular construction. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). Further, we read every word, phrase, and expression in a statute as if it were deliberately

8

chosen and presume the words excluded from the statute are done so purposefully. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.—Austin 2002, pet. denied); *City of Austin v. Quick*, 930 S.W.2d 678, 687 (Tex. App.—Austin 1996) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)), *aff'd*, 7 S.W.3d 109 (Tex. 1999); *see also* 2A Norman J. Singer, *Sutherland Statutory Construction* § 47.25 (6th ed. 2000). If the meaning of an statute is doubtful or ambiguous, we will give serious consideration to the construction given it by the governmental body charged with its enforcement or administration. *City of Austin v. Hyde Park Baptist Church*, 152 S.W.3d 162, 166 (Tex. App.—Austin 2004, no pet.).

We begin with the Cities' second issue, in which they argue that the rule 25.93 procedure is invalid because it conflicts with the TPIA. *See* Tex. Gov't Code Ann. § 552.001-.353 (West 2004). Specifically, they assert that the rule 25.93 procedure creates the potential that the Commission will voluntarily disclose "public power utility competitive matter" excepted from disclosure when the TPIA decrees that only the attorney general or a court can properly order disclosure of such information on expressly narrow grounds. *See id*. § 552.133(b). The Cities add that, by possibly authorizing disclosure of section 552.133 "competitive matter," rule 25.93 violates the Commission's mandate under section 39.155 of the utilities code to safeguard their "competitively sensitive information." We agree.

As a general rule, Texas public policy favors open records. *See id*. § 552.001; *Moore v. Collins*, 897 S.W.2d 496, 499 (Tex. App.—Houston [1st Dist.] 1999, no pet.). "Public information" must be made available to the public upon request by any person. Tex. Gov't Code Ann. §§ 552.021, .221. If a governmental body, such as the Commission, receives a request for

information that it wishes to withhold from public disclosure and that it considers to be within one of the statutory exceptions to the TPIA, it must ask the attorney general whether the information is excepted from the TPIA. *Id*. § 552.301. As a general proposition, unless disclosure is prohibited by law or the information is confidential by law, an agency may voluntarily make all its information available to the public. *Id*. § 552.007.

Section 552.133 was enacted in the same bill as utilities code section 39.155 and addresses a similar subject—the protection of a utility's confidential information. The legislature did not define in utilities code section 39.155 what "competitively sensitive information" the Commission is to protect. However, it contemporaneously granted the governing boards of municipal utilities the authority to designate information as "competitive matter" and except that information from the open-records requirements. *Id*. § 552.133(a), (b). The legislature also limited the circumstances in which that exception from disclosure could be defeated: the attorney general (or a court) can override the governing board's vote only upon request for the information and after making specific findings that (1) the governing board failed to act in good faith and (2) the information is not reasonably related to a competitive matter. *Id*. § 552.133(c).

The Commission expressly limited its review in rule 25.93 to a consideration of whether information in the quarterly reports "comports with the requirements for exception from disclosure under the" TPIA. 16 Tex. Admin. Code § 25.93(c)(2); *see also id*. § 25.93(g)(3) (in same way limits scope of contested case hearing). In addition, the Commission's rule authorizes disclosure when there has been no request for the information and without an opinion from the attorney general reviewing the statutory factors that would be necessary to override the statutory

10

exception from disclosure. *See* Tex. Gov't Code Ann. § 552.133. Given the limited scope of the reporting requirement and the definition for "protected information" adopted by the Commission, we conclude that this rule is clearly calculated to allow the Commission to adjudicate for itself the validity of such a claim of confidentiality. However, the legislature contemplated that the Commission's obligation under section 39.155 to protect "competitively sensitive" information would require it to protect "competitive matter" so designated by a public power utility's governing board under government code section 552.133 and that only the attorney general or a court could override that protection. Accordingly, we hold that any decision the Commission might make under rule 25.93 as written with regard to a claim of confidentiality under government code section 552.133 would violate its duties under utilities code section 39.155. Only the attorney general or a court may determine that such information is outside the exception.[7] We sustain the Cities' second issue.

**CONCLUSION**

We have determined that rule 25.93(c)(2) and (g)(3), as written, would permit the Commission to determine the validity of a claim of confidentiality in contravention of the exception to disclosure added to the TPIA for competitive matters of a public utility and of the procedure set forth to defeat such a claimed exception. Because we base our decision solely on the language of the rule as written, we have no need to consider the Commission's general powers as authorized under utilities code section 39.155(a), and we thus express no opinion on the Cities' first issue. We

---

[7] We express no opinion regarding the Commission's power to determine for itself other claims of confidentiality, including assertions based on other TPIA exceptions.

declare invalid subsections (c)(2) and (g)(3) of rule 25.93 and remand to the Commission for further proceedings consistent with this opinion.

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton;
    Justice Kidd Not Participating

Reversed and Remanded

Filed:  May 19, 2005