

# NUMBER 13-24-00313-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

CITY OF EDINBURG, TEXAS,                                    Appellant,

v.

RODOLFO CAMPOS,                                             Appellee.

---

## ON APPEAL FROM THE 370TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

## Before Chief Justice Tijerina and Justices Cron and Fonseca
## Memorandum Opinion by Justice Fonseca

In the underlying proceeding, appellee Rodolfo Campos sought district court review of a civil service commission decision affirming his termination as a police officer. By a single issue on appeal, which we construe as two, appellant the City of Edinburg, Texas (the City), argues the trial court erred by (1) denying its plea to the jurisdiction, and (2) granting partial summary judgment in favor of Campos. We affirm in part and dismiss

for want of jurisdiction in part.

## I. BACKGROUND

The City hired Campos as a non-certified police officer on March 19, 2021, and it terminated him one year and nine days later. Campos appealed the termination to the City's Civil Service Commission (the Commission), arguing that it violated Chapter 143 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. ch. 143 (Civil Service Act). The City responded that the Commission lacked jurisdiction over Campos's appeal because "[a]t the time of his termination, [Campos] was still on probationary status" and was therefore not entitled to civil service protection. *See Jones v. Ojeda*, 21 S.W.3d 569, 571 (Tex. App.—San Antonio 2000, pet. denied) ("The [Civil Service] Act does not apply to beginning position applicants and thus does not offer applicants the protections provided to tenured civil service employees."). The City pointed to Rule 6.01 of the Commission's Rules and Regulations, which since 2018 has provided: "All Entry-Level Non-Certified Police Officers shall serve a probationary period of eighteen (18) months from the date of the beginning of their current employment with their department as a Police Officer or trainee."

At a hearing before the Commission, Campos argued that the application of Rule 6.01 to him violates § 143.027 of the Civil Service Act, which states that an entry-level police officer's probationary period is "one year" and may be extended only "for a person who . . . is not employed by a department in which a collective bargaining agreement or a meet-and-confer agreement currently exists or previously existed." *Id.* § 143.027(a)(1). Accordingly, Campos argued that Rule 6.01 was "of no force and effect" and that he "automatically became a full-fledged civil service employee with full civil service protection

2

on March 19, 2022"—i.e., one year after he was hired. *See id.* § 143.027(d) ("A . . . police officer who was appointed in substantial compliance with this chapter and who serves the entire probationary period automatically becomes a full-fledged civil service employee and has full civil service protection."). The Commission rejected Campos's argument, granted the City's plea to the jurisdiction, and dismissed Campos's appeal.

Campos then petitioned for judicial review in district court, making the same arguments and requesting declaratory relief, back pay, and attorney's fees. *See id.* § 143.015.[1] He filed a motion for traditional summary judgment specifically noting that, at the time Rule 6.01 was promulgated in 2018, "a Meet and Confer Agreement was in existence and had previously existed." The City filed a combined response, plea to the jurisdiction, and motion for summary judgment.

After a hearing, the trial court denied the City's plea, denied the City's summary judgment motion, and granted Campos's summary judgment motion. The trial court signed a "Final Summary Judgment" on June 21, 2024, (1) declaring that Commission Rule 6.01 is "of no force and effect," (2) ordering the Commission's decision set aside, and (3) awarding Campos "full back pay and relevant benefits" without specifying an amount. This appeal followed.

## II.    APPELLATE JURISDICTION

As an appellate court, we have the obligation to examine our jurisdiction and may do so sua sponte. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

---

[1] Campos's suit for judicial review named only the Commission as a defendant. The Commission filed an answer containing a general denial. The City, represented by separate counsel, then filed a plea in intervention asserting it was the respondent before the Commission and therefore was the "real party in interest" and had a justiciable interest in the suit.

3

Unless an interlocutory appeal is authorized by statute, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205.

In this case, the judgment on appeal did not address Campos's claim for attorney's fees. *See* Tex. Loc. Gov't Code Ann. § 143.015(c) (providing that, in a suit for judicial review of a civil service commission decision, "[t]he court may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party"). And the judgment did not state that it disposed of all claims and parties, that all relief not granted therein is denied, or that it was appealable. Therefore, the judgment is interlocutory insofar as Campos's claim for attorney's fees remains pending. *See Farm Bureau Cnty. Mut. Ins. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (concluding that summary judgment order was not final and appealable because it did not expressly dispose of parties' competing claims for attorneys' fees); *Youngblood & Assocs., P.L.L.C. v. Duhon*, 57 S.W.3d 63, 65 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding failure to rule on claims for attorney's fees prevented order from being final); *see also Duke v. Am. W. Steel, LLC*, 526 S.W.3d 814, 817 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (noting that "[a]n order's language can make the order final if that language expressly disposes of all claims and all parties," but "it is not enough that the order merely include the word 'final'" (quotations omitted)), *overruled on other grounds by Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*,

685 S.W.3d 816 (Tex. 2024). Moreover, the judgment is not final as to Campos's claim for damages because it did not specify an amount, and the amount is not ascertainable from the record. *See Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994) ("A judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated."); *see also In re Blankenhagen*, 513 S.W.3d 97, 100 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding [mand. denied]) ("[I]f the amount awarded by the judgment cannot be determined, the judgment is interlocutory." (quotation omitted)).

We have jurisdiction to consider an appeal of an interlocutory order which "denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). However, we do not have jurisdiction to consider the appeal of an interlocutory summary judgment order. *See Lehmann*, 39 S.W.3d at 205. Accordingly, we will dismiss the appeal to the extent it challenges the trial court's summary judgment order, and we will proceed to consider only the City's first issue, by which it challenges the denial of its plea to the jurisdiction.

### III. TRIAL COURT JURISDICTION

#### A. Standard of Review

Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020). The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993);

5

*see Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see also Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022) (explaining that a plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both). When jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018). If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a factfinder must resolve the issue. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004). But if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id.* at 228; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

**B.      Applicable Law**

Political subdivisions of the State, including the City, are immune from suit unless immunity has been clearly and unambiguously waived by the Legislature. *City of Houston v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018); *Lubbock Cnty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014); *see* TEX. GOV'T CODE ANN. § 311.034.

The Civil Service Act governs municipal civil service for police officers in Texas. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.001–.363. Under the statute, a city with a population of 10,000 or more may establish a civil service commission consisting of three members appointed by the city's chief executive and confirmed by the city's governing body. *Id.* §§ 143.002, .006(a), (b). Section 143.015 provides that, "[i]f a . . . police officer is dissatisfied with any commission decision, [the] police officer may file a petition in district court asking that the decision be set aside." *Id.* § 143.015(a). The petition must be

6

filed within ten days after the final commission decision is sent to or received by the plaintiff. *Id.* The appeal before the district court is "by trial de novo," and the district court is authorized to "grant the appropriate legal or equitable relief necessary to carry out the purposes of [the Civil Service Act]," including reinstatement, back pay, lost wages, and attorney's fees. *Id.* § 143.015(b)–(d).

The parties appear to agree that § 143.015 clearly and unambiguously waives immunity, but that the waiver is limited to viable claims properly falling within the scope of the statute. *See City of New Braunfels v. Tovar*, 463 S.W.3d 913, 918 (Tex. App.—Austin 2015, no pet.) (holding that plaintiff's suit is "plainly within" the "limited waiver" provided by § 143.015 because "its substantive thrust is that the Commission's decision denying him the benefit of seniority points and a place on the promotion-eligibility list should be overturned" and it requested relief recoverable under the statute); *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 638–39 (Tex. App.—Austin 2007, pet. denied) ("Chapter 143 does provide certain administrative and appellate remedies that, to this limited extent, waive its governmental immunity."); *see also City of Brownsville Firemen's & Policemen's Civil Serv. Comm'n v. Culver*, No. 13-24-00310-CV, 2025 WL 1338098, at *4 (Tex. App.—Corpus Christi–Edinburg May 8, 2025, no pet.) (mem. op.). Therefore, for purposes of this appeal, we assume that the trial court had jurisdiction if and only if Campos's claims were viable on the merits.

## C. Substantial Evidence Rule

Although § 143.015(b) provides that a decision by the Commission may be appealed for a "trial de novo" in district court, courts have interpreted this to mean a review under the substantial evidence rule. *See City of Laredo v. Buenrostro*, 357 S.W.3d 118,

122 (Tex. App.—San Antonio 2011, no pet.); *see also Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 955–56 (Tex. 1984) (applying the predecessor statute and noting that "[i]n this context, trial de novo means a trial to determine only the issues of whether the agency's rule is free of the taint of any illegality and is reasonably supported by substantial evidence" (quotation omitted)). In reviewing an administrative decision under the substantial evidence rule,

> a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:
>
> (1)     may affirm the agency decision in whole or in part; and
>
> (2)     shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> > (A)     in violation of a constitutional or statutory provision;
> >
> > (B)     in excess of the agency's statutory authority;
> >
> > (C)     made through unlawful procedure;
> >
> > (D)     affected by other error of law;
> >
> > (E)     not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
> >
> > (F)     arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174; *see Edinburg Consol. Indep. Sch. Dist. v. Esparza*, 603 S.W.3d 468, 478 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.). Whether an administrative agency's decision is supported under this standard is a question of law. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006); *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex. 2000).

**D.      Analysis**

In his petition for judicial review, Campos alleged that the trial court had jurisdiction pursuant to Texas Local Government Code § 143.015. The City does not dispute that his petition was timely filed with the district court, and the record demonstrates that he requested relief specifically authorized under the statute. *See* TEX. LOC. GOV'T CODE ANN. § 143.015.[2] Instead, the City principally argues that the district court erred on the merits because "[u]nder the Meet and Confer agreement established in 2020, the City retained its . . . managerial rights to impose the 18-months probationary period and the City did not cede that power away."

The administrative record, which was made part of the summary judgment record before the trial court, includes two "Meet and Confer" agreements between the City and the Edinburg United Police Officer's Association, dated 2017 and 2020. The City's argument is based on Article 6 of those agreements, which is entitled "Management Rights" and states in its entirety as follows:

> The parties understand that the management and direction of the working force is vested exclusively in the City as the employer. *Subject to prevailing statutes and ordinances*, the City retains the right to hire, demote, suspend, discharge, retire, lay off, promote, assign, or transfer employees to any job or any work, anytime or anywhere; to increase or decrease the work force; to determine the number and size of the work shifts; to grant paid and unpaid leaves of absence for any reasons; to determine the number of and assign employees to any work or any job; to determine and re-determine the hours of work per day or week; to make and enforce work rules for the purpose of efficiency, safe practice, discipline or any other reason; to establish performance standards and to review employees under these standards; to determine the equipment to be used; to make technological changes; to separate or reassign its employees; to determine duties and production standards; to eliminate work; to require overtime work pursuant to state statute; to select employees for overtime pursuant to state statutes;

---

[2] The City asserts that Campos "seeks to pursue legal action(s), and remedies and relief, outside what is applicable under [the Civil Service Act]," but it does not identify any such actions, remedies, or relief. *See* TEX. R. APP. P. 38.1(i).

9

to establish, modify and enforce rules and regulations.

> The rights and powers of management mentioned in this section do not list all such powers, and the rights listed, together with all other rights, powers and prerogatives of the City, not specifically ceded in this Agreement, remain vested exclusively in the City as employer. If this Agreement does not, by its terms, specifically restrict management, then management retains power over the matter in question.

> The City's right of management shall not be amended or limited by any claim the City has condoned or tolerated by any practice or any acts of any employees, nor by any arbitration decision excluding civil service appeals. The exercise of management rights shall not nullify guarantees specified in this Agreement nor restrict existing civil service rights guaranteed by State statutes unless said rights are changed by the terms of this Agreement.

(Emphasis added.) The summary judgment evidence also included a February 18, 2021 letter from the City offering employment to Campos and stating in part that "you will serve a[n] 18 month probation period." The letter bears Campos's signature. The City argues that, in light of its retention of management rights and the 2021 letter, the Commission had "substantial evidence" from which it could have concluded that Campos remained on probation as of the date of his termination.

We disagree. As noted, the applicable Commission rule states that a police officer must serve an 18-month probation period, but the Civil Service Act provides that a police officer's probationary period is "one year" and may be extended only "for a person who . . . is not employed by a department in which a collective bargaining agreement or a meet-and-confer agreement currently exists or previously existed." *Id.* § 143.027(a)(1). The City does not dispute that "a meet-and-confer agreement currently exists or previously existed" in the Edinburg Police Department. Indeed, it has referred to that agreement extensively throughout these proceedings, and its principal argument, as set

10

forth above, depends on the "existence" and validity of that agreement.[3] Accordingly, the Commission was without authority to extend the probationary period of Campos or any other Edinburg police officer beyond one year. *See id.*; *City of Garland v. Pub. Util. Comm'n of Tex.*, 165 S.W.3d 814, 819 (Tex. App.—Austin 2005, pet. denied) (noting that "an agency may not grant itself a power in contradiction of its legislative mandate"). In other words, the application of Rule 6.01 to Campos violates the statute's specific language. *See Pub. Util. Comm'n of Tex. v. Luminant Energy Co.*, 691 S.W.3d 448, 460 (Tex. 2024) (explaining that, though "[a]gency rules are presumed valid," a challenger can prove a rule's "invalidity" by showing it "contravenes specific statutory language"). The fact that the meet-and-confer agreement contains a provision in which the City purported to retain management rights "[s]ubject to prevailing statutes and ordinances" is immaterial, as is the fact that Campos signed a letter setting forth the illegal and void rule. *See Employees Ret. Sys. of Tex. v. Jones*, 58 S.W.3d 148, 154 (Tex. App.—Austin 2001, no pet.) ("A rule of an administrative agency is void if it conflicts with the statute, regardless of how long-standing such rule may be.").

The City emphasizes that the Commission is entitled to deference and that Campos bore the burden to show its decision was not supported by substantial evidence. But "on questions of law, neither the trial court nor the administrative law judge is entitled to deference on appeal." *Alford*, 2009 S.W.3d at 103. And under the applicable standard, a trial court is explicitly required to "reverse or remand" if it finds that a Commission decision violates a statutory provision and thereby prejudices an employee's substantial

---

[3] Notably, the meet-and-confer agreement specifically states: "Probationary employees shall receive benefits and wages as provided in this contract and *their employment is governed by* [*Texas Local Government Code*] *§ 143.027 during the probationary period*" (emphasis added).

rights. TEX. GOV'T CODE ANN. § 2001.174(2)(A). Based on the record, the trial court did not err in concluding it had jurisdiction to do so here. We overrule the City's first issue.

## IV. CONCLUSION

As to the trial court's granting of partial summary judgment in favor of Campos, we dismiss the appeal for want of jurisdiction. The trial court's judgment denying the City's plea to the jurisdiction is affirmed.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
13th day of November, 2025.